[No. 11671. Department Two. — September 1, 1887.]

## JAMES D. McCLAIN, APPELLANT, v. L. W. BUCK, RESPONDENT.

SALE ON CREDIT—DELIVERY OF POSSESSION TO VENDEE—AGREEMENT FOR REPOSSESSION — CHANGE OF POSSESSION. — The action was brought to recover damages for the alleged conversion of certain personal property which had been sold by the plaintiff on credit, and the possession of which had been immediately delivered to the vendee. By an agreement supplemental to the sale, the parties thereto agreed that the property should remain in the possession of the vendee until the maturity of the purchase price, and that upon default in the payment thereof the vendor should be entitled to retake the possession, and that in the mean time the property should be considered as pledged to secure the payment of the price. At the time of maturity, the vendee made default in the payment of the price, and refused to surrender the possession. Subse-

quently, and while the property was still in the possession of the vendee, the defendant, one of his creditors, having notice of the supplemental agreement, attached and sold it under execution as the property of the vendee.   *Held*, that the transfer provided for by the supplemental agreement was void as against the defendant, because not accompanied by an actual and continued change of possession.

APPEAL from an order of the Superior Court of Solano County refusing a new trial.

The facts are stated in the opinion of the court.

*R. Clark*, and *T. J. Mize*, for Appellant.

*A. J. Dobbins*, for Respondent.

THORNTON, J. — This action was brought to recover damages for the conversion by defendant of certain personal property described as "all that certain lot of printing material situated in the town of Vacaville, Solano County, California, and known and described as the Vacaville Reporter or Judicion newspaper material."

At the trial, it appeared that plaintiff sold the property in question, with other property, to one Raleigh Barcar, on the tenth day of October, 1884. The purchase price was $1,250, of which $500 was paid down, and for the balance Barcar executed to plaintiff two promissory notes, one for $500, with interest, payable one year after date, and the other for $250, with interest, payable eighteen months after date. At the time of the sale, plaintiff executed and delivered to Barcar an absolute bill of sale, in which the consideration was recited and the property described. After the sale was made, and plaintiff had gone away, but within two hours, as he testified, he "considered the thing was not safe enough," and went back and had Barcar execute a "supplementary agreement," in the following words: —

"It is hereby agreed that the party of the first part to the foregoing sale and agreement shall, upon default in the payment of either of the notes specified in said

memorandum of sale and agreement between J. D. Mc-
Clain and Raleigh Barcar, be authorized and permitted
to enter upon and take possession of the printing presses,
types, and stock and materials mentioned therein, to
secure payment of said notes, said property being con-
sidered as pledged to secure payment of said notes."

The possession of all the property sold was immedi-
ately delivered to Barcar, and he held it till the five-hun-
dred-dollar note matured. Then plaintiff demanded
from him payment of the note, and not receiving the
money, demanded that possession of the property be
given back. This was refused.

On the next day, plaintiff read to defendant his con-
tract, and " explained to him its terms, and asked him
to assist Barcar to pay it or fix it up." Defendant said
he would see about it the next day. On the next day,
defendant caused the property to be attached as the prop-
erty of Barcar, and thereafter had it sold under execu-
tion. Plaintiff demanded the property from the officer
who held it under execution, and sought by injunction
and other means to prevent its sale, but failed in all his
efforts.

Upon these facts, plaintiff submitted his case, and
thereupon, on motion of defendant, a judgment of non-
suit was entered against him. He then moved for a new
trial, and now prosecutes this appeal from the order de-
nying his motion.

The nonsuit was properly granted. If title revested
in the plaintiff under his agreement with Barcar, there
was no delivery of the property followed by an actual
and continued change of possession. The same is true
if plaintiff had, under the agreement mentioned, a right
to take possession from Barcar, for the right to the pos-
session of personal property is a thing in action, and is
therefore personal property. (Civ. Code, sec. 14, subd.
3.) In either view, the transfer was not valid under the
statute against defendant, a creditor (Civ. Code, sec.

3440), unless accompanied by an actual and continued change of possession.

The notice of plaintiff's claim which defendant had was immaterial. Buck was a creditor while Barcar remained in possession, and as against such creditor the transfer was void. (Civ. Code, sec. 3440, *supra*.)

The order must be affirmed.

Ordered accordingly.

McFARLAND, J., and SHARPSTEIN, J., concurred.