[No. 13078. In Bank. — December 13, 1890.]

## JULIA K. DUFF ET AL., RESPONDENTS, *v.* ROBERT P. DUFF ET AL., APPELLANTS.

APPEAL — REVIEW OF CONFLICTING EVIDENCE. — When the evidence is conflicting, the finding of the court below will not be disturbed.

ID. — REVIEW OF ERRORS — LAW OF CASE — CORRECT RESULT. — Where a cause has been twice tried, with the same result, and the main questions have become settled as the law of the case by a decision rendered upon a former appeal, and it appears, from the record, that the last trial was full and fair, that a correct result was reached in accordance with the law as decided upon the first appeal, and the evidence is conflicting, the judgment will be affirmed, without a detailed review of errors assigned which could not have affected the result.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order granting a new trial to respondent upon one issue, and from an order denying a new trial to appellants.

The action was brought by the plaintiffs, Julia K. Duff and Agnes Duff, who are the wife and infant daughter of William R. Duff, deceased, against the defendants, Robert P. Duff and Frank S. Duff, who are the brothers of said decedent, seeking to have the defendants declared trustees of the plaintiff of certain mill property in Eureka, Humboldt County, alleged to have been fraudulently conveyed to the defendants by Richard Duff, the father of defendants and of William R. Duff, under a power of attorney executed to Richard Duff by William R. Duff, in his lifetime, and to compel a conveyance thereof to the plaintiffs, and an accounting of rents and profits. The defendants deny any rights of William R. Duff, and deny all fraud, and plead the statute of limitations. The plaintiffs recovered judgment as prayed for, except as to part of the flour-mill property, concerning the title to which a new trial was granted to the plaintiffs. Defendants' motion for a new trial was denied, and they appeal from the judgment, and from both orders relating to a new

trial.   The case was before this court on a former appeal, the decision of which is reported in 71 Cal. 513.   The letter referred to in the opinion of the court upon the present appeal is a letter from William R. Duff to his brother Frank S. Duff, one of the defendants, admitting that the mill property in question stood in his name, and that it was understood that his father, Richard Duff, owned one third of it, and his brother Frank S. Duff owned one third of it, and himself one third.   The deposition referred to was that of an attorney, taken for the purpose of showing what Frank S. Duff and Richard Duff had testified to in the year 1866 in the case of Hobbs v. Duff, in the superior court of the city and county of San Francisco, in depositions taken in said action, which had been lost from the files of the court, and copies of which, testified to as correct, were produced by the attorney and inserted in his deposition, showing that they each testified in said action that William R. Duff exercised all rights of ownership over the Eureka mill and mill site from 1860 to 1866, and that they, Richard Duff and Frank S. Duff, were merely his agents and servants in relation to the property.   This deposition was objected to, upon the ground that the deposition showed an adjournment, by the notary, from one office to another, the stipulation providing that it should be taken at the office of the notary; and that no sufficient foundation had been laid, by proof of loss or destruction of the original record, containing the depositions of Richard Duff and Frank Duff, in the case of Hobbs v. Duff, nor by proof that the matters litigated were the same as those involved in this action; and that no admission of Frank S. Duff could bind his co-defendant.   The objections to the deposition were overruled.   Further facts are stated in the opinion rendered upon the former appeal.   (71 Cal. 513.)

*S. M. Buck, Horace L. Smith, W. C. Belcher,* and *John A. McQuaid,* for Appellants.

*Wilson & Wilson, S. M. Wilson, J. D. H. Chamberlain,
G. W. Hunter,* and *W. L. Duff,* for Respondents.

WORKS, J.—This case was heard in Bank, and decided
after being twice orally argued and thoroughly and ex-
haustively briefed. A rehearing was granted, mainly
because it was thought that the court below and
this court had not given sufficient weight to a cer-
tain letter, written by the respondent's intestate, con-
taining certain admissions against his interest. This
may have been so as to the court below, but it was not
so as to the writer of this opinion, who wrote the opin-
ion upon which the case was decided. In opposition to
this admission, which was not by any means conclusive
against the author of the letter, was the sworn admission
of one of the defendants, at least, as a witness in a former
case, to the effect that his brother, the deceased, was the
owner of the property. It is true that, in the litigation
referred to, it was to the interest of the defendant men-
tioned to establish the fact that the property was the
property of the deceased, and that he may have testified
falsely in that case in order to shield the same from the
claims of other parties against him and his father; but
the court below had the deposition containing these ad-
missions before it, and in connection therewith heard the
testimony of the defendant to the contrary in this case,
and must have known better than we can know how
much weight to give to the testimony of the defendant
on both of these occasions, and to the admission con-
tained in the letter above referred to, in the light of
such admissions and testimony. Here were opposing
admissions by the parties adversely interested. Why
should one be considered absolutely conclusive, and the
other disregarded? We can see no reason. Nothing
more can be said, even if these admissions were the
only evidence on the point, than that here was a sub-
stantial conflict in the evidence, and this court cannot,

under the well-established rule, disturb the finding of the court below.

For the reasons here given, and those contained in the former opinion, the judgment and orders appealed from are affirmed.

McFARLAND, J., SHARPSTEIN, J., and PATERSON, J., concurred.

Fox, J., dissenting. — Upon a careful examination of the record in this case upon rehearing, it does not appear to me that the deposition referred to in the foregoing opinion contains a contradiction of the admission made in the letter referred to. I am also satisfied that there was no proper foundation laid for the introduction of said deposition, and that its admission was in violation of the law of the case, as established on the former appeal. (*Duff* v. *Duff*, 71 Cal. 513.) It may be that a different judgment would never be reached in the cause; but for the reason stated, and under the rule established in this particular case on the first appeal, I cannot concur in the foregoing conclusion.

BEATTY, C. J. — I concur in the dissenting opinion of Mr. Justice Fox.

The following is the opinion above referred to, rendered in Bank on the 31st of March, 1890: —

WORKS, J. — A statement of this case will be found in *Duff* v. *Duff*, 71 Cal. 513. It was there held that the complaint stated a cause of action; the law relating to the question of the statute of limitations as applicable to an action of this kind was stated, and the cause was reversed for certain errors of law occurring at the trial. The cause was again tried by the court below, without a jury, and findings and judgment rendered in favor of the plaintiff as to the greater portion of the property in controversy, and in favor of the defendants as to the bal-

ance.  A new trial as to the issue found in favor of the plaintiff was denied, and as to that portion of the finding in favor of the defendants a new trial was granted. The defendants appeal from both of these orders, and from the judgment.

It is earnestly contended by the appellants that the findings of the court, and especially those relating to the fraud charged and the statute of limitations, were not sustained by the evidence.  We have gone over the evidence, and find it to be such that we cannot disturb the judgment on this ground.

Numerous assignments of errors of law occurring at the trial are assigned and extensively argued in the briefs.  We cannot undertake to discuss these alleged errors in detail. · They relate mainly to rulings made in the admission and exclusion of evidence.  A careful reading of the briefs of counsel and the record has convinced us that no error was committed in any of these rulings that should reverse the judgment.  The cause has been twice tried, once by the jury, and once by the court, and decided each time in favor of the plaintiffs. The last trial appears from the record before us to have been a very full and fair investigation of the complicated affairs of this family, so far as it affects the title to this land, and we are satisfied that a correct result was reached.

Judgment and orders affirmed.

SHARPSTEIN, J., McFARLAND, J., PATERSON, J., FOX, J., and THORNTON, J., concurred.

Rehearing denied.