DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF CALIFORNIA.

[No. 14968. In Bank.—January 2, 1894.]

JULIA K. DUFF ET AL., RESPONDENTS, *v.* ROBERT
P. DUFF ET AL., APPELLANTS.

PLEADING—AMENDMENT TO ANSWER.—The court may properly refuse leave
to file an amended answer which does not present any new issue, or
any defense to the action not embraced in the original answer.

NEW TRIAL—SINGLE ISSUE.—A party may move for a new trial upon a sin-
gle issue, and if the motion be made for a new trial of the entire action,
the court may grant it in part and deny in part, leaving its former de-
termination upon a portion of the issues to remain; and where an order
limiting the scope of a new trial is affirmed, its correctness in the indi-
vidual case is established.

ID.—ENFORCEMENT OF TRUST—ISSUE AS TO VALUABLE CONSIDERATION—
OWNERSHIP—CONCLUSION OF LAW—CONSTRUCTION OF ORDER.—In an
action to enforce a trust, where a new trial was ordered as to the issue
whether a valuable consideration was paid for certain property conveyed
by deed to one of the defendants, and whether he was the owner thereof,
this latter phrase is not to be regarded as an additional issue of fact to
be tried anew by the court, but is used by the court as an equivalent of
the conclusion of law to be drawn from the finding of fact on the issue
of payment of a valuable consideration.

ID.—IRRELEVANT EVIDENCE—ADVERSE POSSESSION.—Evidence offered upon
the trial of such issue not relevant to the issue of payment of a valuable
consideration, and not tending to establish any ownership in the de-
fendant, and an offer to prove title in him by adverse possession of the
property, which was found against him upon the first trial, is properly
excluded.

ID.—ADMISSION OF TRUST.—Testimony that the defendant had admitted
that he held the property in trust is properly received, as tending to
show that he did not pay a valuable consideration for it.

CI. CAL.—1

ID.—FINDINGS—REPETITION.—After trial upon the issue of valuable consideration for which the new trial had been granted, the court in making its finding thereon may properly set forth the proceedings upon the former trial, and the subsequent order of the court granting a new trial, and to the findings that had been made upon the former trial, as modified by the order, add its own finding upon the issue tried by it.

ID.—FINDING UPON SINGLE ISSUE.—If the court had found only upon the single issue upon which the new trial was granted, the conclusion of law to be drawn and the judgment to be entered in the case would not depend upon such finding alone, but would find their support in the entire record, including the findings upon the former trial which were not set aside.

ID.—SUPPORT OF FINDINGS BY EVIDENCE—ADOPTION OF FORMER FINDINGS. Where the other findings are repeated upon the new trial, the objection that they were not supported by any evidence given at the last trial is not tenable, where the court expressly states, that it adopts the facts found from the testimony introduced in the action at the former trial, as findings of fact, so far as the same are applicable to the property involved in the new trial.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinions reported in 71 Cal. 513, and in 87 Cal. 104, and in the opinion of the court in the present case.

*S. M. Buck, H. L. Smith,* and *W. C. Belcher,* for Appellants.

*J. H. Gillett, J. G. H. Weaver, W. L. Duff, L. D. McKisick,* and *Wilson & Wilson,* for Respondents.

HARRISON, J.—Upon a former trial of this action the court rendered its decision in favor of the plaintiffs for a portion of the property involved, and in favor of the defendant for another portion. Both parties moved for a new trial, and the court below denied the motion of the defendant and granted that of the plaintiffs, limiting the new trial to the determination of a single issue. From these orders, and the judgment against them, the defendants appealed, and this court affirmed the orders and judgment appealed from. (87 Cal. 104.) When the cause again came on for trial in the court below, the defendant, Robert P. Duff, asked leave to file an

amended answer, which was refused by the court, and this ruling is now assigned as error. The answer which was presented, and which he asked leave to file, did not, however, present any new issue, or any defense to the action which was not embraced in the original answer, and the court did not err in denying his request to file it.

At the trial the court excluded certain evidence offered by the appellant, and it is now urged by him that under the order for a new trial he was at liberty to offer any evidence which would tend to establish his ownership of the property as to which the new trial was ordered; while, on the part of the respondents, it is claimed that the new trial was limited to ascertaining whether the appellant had paid a valuable consideration for this property. The closing part of the order by which the new trial was granted, as shown by the record before us, is as follows: "The motion of the plaintiffs is granted, and a new trial ordered as to the issue: Was there a valuable consideration paid for the property conveyed by deed to R. P. Duff in blocks 28 and 51, and is he the owner thereof?" It is claimed by the appellant that in the order itself the word "issue" is written "issues," and the original order has been produced in support of this claim, but, as we view the case, this variance is immaterial. The order itself is in the nature of a "speaking order," inasmuch as it contains matter which is explanatory and illustrative of the mere direction which is given by it. The cause had been tried, and all of the issues of fact found in favor of the plaintiffs, except that the court found that the defendants had paid a valuable consideration for the lands described as being in blocks 28 and 51. Upon the decision thus made the defendants moved for a new trial, alleging as the grounds that the several findings against them were unsupported by the evidence; and, in the same order by which a new trial was granted to the plaintiffs as to blocks 28 and 51, the defendants' motion for a new trial was denied, and this order was affirmed by this court. It was thus defi-

nitely adjudged that William R. Duff was the owner in
fee of these blocks in 1863; that Richard Duff entered
into the possession thereof as his servant and agent, by
virtue of the power of attorney executed to him, and
that under the power of attorney he made conveyances
of these blocks to Robert P. Duff; that William R. Duff
did not in his lifetime, or the plaintiffs', thereafter, have
any knowledge or information of the said conveyances
until within three years before the commencement of
this action; and that the plaintiffs' cause of action was
not barred by the statute of limitations.   The court in its
order granting the new trial as to these blocks expressed
its satisfaction with its previous findings of fact and con-
clusions of law in every respect except the finding as to
the payment of a valuable consideration for the prop-
erty in these blocks, and expressly declared that all of
the findings in relation to the statute of limitations, dis-
covery of facts constituting the fraud, and every issue
upon which it was necessary to pass showing the plain-
tiffs' right to maintain the action, were applicable to
these blocks, but was of the opinion that it had not
properly weighed the evidence that had been presented
upon this question.   Accordingly, it granted the motion
of the plaintiffs upon the single issue which it had
found against them in its decision, viz., the payment of
a valuable consideration for the conveyance of these
blocks.   The right of a party to move for a new trial
upon a single issue is well established (*San Diego Land
Co.* v. *Neale,* 78 Cal. 63); and if the motion be made for
a new trial as to the entire action, the court may grant
it in part and deny it in part, leaving its former deter-
mination upon a portion of the issues to remain.   This
court has frequently remanded a cause with directions
to the trial court to find upon a single issue, leaving the
other findings to remain as a part of the record.   (*Mar-
ziou* v. *Pioche,* 10 Cal. 545; *Soule* v. *Dawes,* 14 Cal. 247;
*Argenti* v. *San Francisco,* 30 Cal. 463; *Kinsey* v. *Green,*
51 Cal. 379; *Glascock* v. *Ashman,* 52 Cal. 420; *Billings* v.
*Everett,* 52 Cal. 661; *Goodlett* v. *St. Elmo Investment Co.,*

94 Cal. 303; *Tunis* v. *Lakeport A. P. Assn.*, 98 Cal. 285.)
The trial court has the same right in this respect before
an appeal as this court has after an appeal, to limit the
scope of a new trial, and the affirmance by this court of
such order establishes the correctness of the order made
in the individual case.

The closing part of the order, "and is he the owner
thereof," is not to be regarded as an additional issue of
fact to be also tried anew by the court. While owner-
ship is sometimes called an issuable fact, it is also a
mere conclusion of law, dependent upon the actual facts
in the case, and the circumstances under which the
term was here used show that such is the interpretation
to be placed upon it. If the entire question of owner-
ship in these blocks was to be again investigated, the
direction for a new trial as to the payment of a valuable
consideration therefor was unnecessary and meaning-
less, for if the appellant was to be at liberty to establish
a title in himself, independent of such payment, or to
show that he had become the owner through another
source than by means of such payment upon the con-
veyance to him from Richard Duff, it was idle for the
court to direct a new trial upon this issue. A consider-
ation of the entire order shows that this closing clause
was used by the court as an equivalent of the conclusion
of law to be drawn from the finding of fact that should
be made upon the evidence that might be presented on
the issue of payment of a valuable consideration.

The evidence which the appellant sought to introduce
was not only irrelevant to this issue of payment before
the court, but it did not tend to establish any ownership
in him. The value of this property at the time of the
conveyance to him, or of the property whose title was
determined at the former trial, as well as the fact that
the plaintiffs had received the benefit of certain prop-
erty not involved in the litigation, was irrelevant to any
question of ownership, and could not have tended to
establish any ownership in the appellant. Whether
William R. Duff was indebted to his father in an amount

greater than the value of the property at the time it was conveyed to Robert P. Duff was also irrelevant for the purpose of establishing ownership. The statement by the appellant in his offer to make such proofs, that said indebtedness "still exists" was in disproof of the proposition that it formed the consideration for the conveyance, or that the value of this property had been applied as a part payment upon that indebtedness. It did not appear that the indebtedness was a valid, existing obligation against William R. Duff; and the note which was offered in proof thereof by its terms had long since been barred by the statute of limitations. The offer by the appellant to show that he had been in adverse possession of these blocks since 1869 was inconsistent with his previous testimony that he did not take such possession until after the death of his father in 1874; but a sufficient reason for excluding this testimony was that this issue of the statute of limitations had been passed upon at the former trial, and was not now open for investigation. The same observation may be made upon the offer to show that William R. Duff knew about the transfer of these blocks from his father to the appellant. The court properly excluded the offer to show this fact by the deposition of Charles Duff, for the reason that the property in question was not conveyed until after the alleged interview between him and William R. Duff.

The court did not err in receiving the deposition of Ryan. His testimony that the appellant had admitted to him that he held the property in trust tended to show that he did not pay a valuable consideration for it.

After the trial upon the issue for which the new trial had been granted, the court in making its finding thereon set forth the proceedings upon the former trial, and the subsequent order of the court granting a new trial, and, to the findings that had been made upon the former trial, as modified by the aforesaid order, added its own finding upon the issue tried by it. There was nothing improper in this action of the court. As several

of the findings upon the former trial were applicable to the property involved in the subsequent trial, and had been affirmed by both the trial court and this court, it was a matter of convenience that all the findings which related to this property should be placed together in order that the entire record, including the judgment to be entered thereon, might be more readily examined and understood. If instead of so doing the court had merely found upon the issue upon which the new trial had been granted, the legal effect and result would have been the same, for the conclusion of law to be drawn and the judgment to be entered in the case would not depend upon such finding alone, but would find their support in the entire record. Whichever course the court should adopt would be immaterial so far as the rights of the parties are concerned, but for the sake of convenient reference the course adopted by the court is preferable. The objection that the other findings were not supported by any evidence at the last trial is trivial and merits no consideration, as the court expressly states that it adopts the said facts found by the judge from the testimony introduced in the action at the former trial as findings of facts herein, so far as the same are applicable to this property. (See *Chandler* v. *People's Sav. Bank,* 73 Cal. 320.)

The judgment is affirmed.

McFARLAND, J., GAROUTTE, J., FITZGERALD, J., and PATERSON, J., concurred.

Mr. Justice DE HAVEN being disqualified did not participate in the foregoing decision.

BEATTY, C. J., dissenting.—With respect to most of the points discussed in the foregoing opinion I concur in the conclusions of the court, but upon one proposition I am obliged to dissent.

The findings made on the former trial of the case upon the issues arising under the plea of the statute of limitations do not—as I construe them—apply to those

lots (in blocks 28 and 51) as to which the judgment was in favor of defendant, and as to which a new trial was ordered; and, therefore, I think it was essential to make such findings on the last trial in order to sustain a judgment against the defendant as to those lots. If I am correct in this view, the trial court erred in excluding the evidence offered by the defendant relating to those issues. It is no doubt true that the evidence adduced at the former trial would have sustained findings against the plea of the statute as fully with respect to blocks 28 and 51 as with respect to the other tracts, and the terms of the order granting a new trial show very clearly that the trial judge would have made such findings applicable to all the lots if he had deemed it material. But in fact they were not so made by their terms, and I am satisfied that the judge had no power to extend their operation by his order granting a new trial.

I am the more inclined to give weight to this objection because I have never been able to concur in the decision against the defendant upon the questions affecting the integrity of the original transaction out of which the litigation has arisen, and because I am convinced from reading the opinion of the judge who presided at the last trial, that he decided the issue to which he confined the evidence—the question, that is to say, whether the defendant paid a valuable consideration for the lots in blocks 28 and 51—not upon his own unbiased views as to the effect of the evidence before him, but upon a mistaken view as to the effect of the judgment of this court affirming the order granting the plaintiffs a new trial. (87 Cal. 104.) He seems to have held that because the evidence on the last trial was substantially the same as that upon which this court sustained the order for a new trial, he was therefore bound by our decision to find the issue against the defendant. But our judgment had no such effect. When a new trial has been ordered by the superior court of an issue as to which the evidence is conflicting, this court affirms the order even though the

evidence may appear to preponderate in favor of the findings vacated by the order; and the effect in all cases is to leave the superior court free to find the fact according to its own independent view of the weight of the evidence, whether it is the same or different from that given at the former trial.

The result of this erroneous view of the effect of our former judgment has been to deprive the defendant of a fair trial of the question which most directly involves the whole merits of the controversy.

For these reasons I dissent from the judgment.