[No. 15283. In Bank.—January 6, 1894.]

# A. W. RANDALL, APPELLANT, *v.* JULIA K. DUFF ET AL., RESPONDENTS.

MORTGAGE—FORECLOSURE SALE—RIGHTS OF PURCHASER—DECREE ENFORC-
ING TRUST AGAINST MORTGAGOR—LIS PENDENS.—A purchaser at a
sale under foreclosure of mortgages, though neither he nor the mort-
gagee was a party to an action brought after the date of the mortgages,
to enforce a trust against the mortgagor, in which a notice of *lis pendens*
was filed prior to the sale under the foreclosure decree, is concluded by
the decree in the action to enforce the trust, as to the ownership of the
right of redemption, and of the surplus proceeds of the sale.

ID.—RELATION OF TITLE—PARTIES.—Though the title of a purchaser at a
foreclosure sale relates back to the mortgage as against the parties to
the foreclosure, it does not cut out the title of a subsequent purchaser
or encumbrancer by recorded conveyance who was not made a party to
the foreclosure suit.

ID.—PARTIES ENFORCING TRUST—LIS PENDENS—FORECLOSURE SUIT.—
Parties seeking to enforce a trust in an action in which a notice of *lis
pendens* has been filed hold substantially the same relation to mort-
gagees of a defendant in the suit as subsequent grantees by recorded
conveyance, and to cut off their right of redemption it is essential to
make them parties to a suit to foreclose the mortgages.

ID.—ACTION TO QUIET TITLE—FORECLOSURE—REDEMPTION—CROSS-COM-
PLAINT.—An action by the purchaser at the foreclosure sale, to quiet
his title against the successors of the plaintiffs, who obtained a decree
enforcing a trust against the mortgagor, none of whom were made par-
ties to the foreclosure suit, is in effect only a suit to foreclose the mort-
gages as against such parties, and a cross-complaint setting up their
rights is in effect a suit by them to redeem the mortgages.

ID.—CONCLUSIVENESS OF DECREE ENFORCING TRUST.—The rights finally
determined by the decree in the action to enforce the trust against the
mortgagor cannot be relitigated in such suit to quiet title; but as to all
rights involved in that action, the purchaser is the successor of the mort-
gagor with notice of *lis pendens*, and a judgment that binds his grantor
is equally binding upon him.

ID.—POSSESSION BY PURCHASER—ACCOUNTING—RENTS OF PROPERTY.—So
far as relates to the possession of the property by such purchaser, he
stands in the shoes of the mortgagor, and is accountable to the parties
who enforced the trust against him, for the rents and profits, to the
same extent that the mortgagor would have been, and may be charged
for rents that he might have realized by proper management of the
property after it came into his possession.

ID.—MORTGAGEE IN POSSESSION.—Such purchaser is not a mortgagee in
possession, and is not entitled to the benefit of the rule applicable to
that case.

ID.—RIGHTS OF PURCHASER AS SUCCESSOR OF MORTGAGEES—INTEREST.—
The purchaser is entitled as successor to the mortgagees, to receive all

that is equitably due on the mortgages, including interest upon the amount secured up to the date of payment or tender.

ID.—INTEREST AFTER DATE OF CROSS BILL.—Where a cross bill to redeem from mortgages does not set forth a sufficient tender or offer of the redemption money to stop interest, it is error for the court not to allow interest on the amounts credited to the purchaser down to the date fixed by the decree for computing interest on the defendant's credits.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in 71 Cal. 513, 79 Cal. 115, 87 Cal. 104, and in the opinion of the court in the present case.

*S. M. Buck*, and *W. C. Belcher*, for Appellant.

*J. H. Gillett, J. G. H. Weaver, W. L. Duff, L. D. McKisick*, and *Wilson & Wilson*, for Respondents.

BEATTY, C. J.—The opinions delivered upon a former appeal herein (see 79 Cal. 115) contain a sufficient statement of the nature of the controversy. The facts of the case of *Duff* v. *Duff*—which is inseparably connected with this case—will be found fully set out in an opinion just filed disposing of the third appeal in that case (see *ante*, p. 1), and in the reports of the two former appeals (71 Cal. 513, and 87 Cal. 104).

By our former judgment herein the cause was remanded for a new trial, which has been had, resulting in a judgment for the defendants, from which the plaintiff appeals.

The last trial took place subsequent to the affirmance by this court of the judgment and orders under review on the second appeal of *Duff* v. *Duff* (87 Cal. 104), and the principal errors assigned by the plaintiff in support of his present appeal are based upon the several rulings of the superior court, to the effect that the judgment and findings given and made on the second trial of *Duff* v. *Duff*, and affirmed here, as above stated, were admissible in evidence and conclusive against him.

It is contented that these rulings were erroneous,

because this plaintiff was not a party, and is not in privity with any party, to *Duff* v. *Duff*. It is true he was not a party to that action, and equally true that there was no reason for making him a party, unless, after his acquisition of R. P. Duff's interest, he had chosen to come in and defend. When the action was commenced neither he nor the mortgagees under whom he claims had the slightest interest in the controversy which involved nothing except the question of ownership of the mortgaged premises, subject to their liens. They had no more interest in the result of that controversy than they would have had in a subsequent conveyance of the mortgaged premises by the mortgagor to a third party ; and no more right to control or influence its issue than they would have had to prevent such conveyance. The court in that case was dealing only with the right of redemption, and the validity of their liens being unassailed it was no concern of the mortgagees which of the contending parties might be adjudged the owner. If that controversy had been concluded by a final judgment in favor of the plaintiffs before the foreclosure proceedings—as it has been since—it would scarcely be contended that the mortgagees could have compelled the plaintiffs in the foreclosure suits to retry in every such suit all the issues which had been fully litigated and finally determined in their favor as against the mortgagor. To any claim or attempt to do so the obvious answer would have been, that a decree for the sale of all the interest of both sets of contending claimants and a proper application of the proceeds was all the relief to which the mortgagees were entitled, so far as the mortgaged premises were concerned ; and, that as to the surplus proceeds of the sale and the right of redemption, the decree in *Duff* v. *Duff* was conclusive, being a determination between the only parties interested.

And as this would have been so in the case supposed it must be equally so in the case as it is, for, as to the right of redemption, Randall claims and can claim only

through Robert P. Duff, and that by title subsequent to the commencement of the action of *Duff* v. *Duff* and notice of *lis pendens*.

The doctrine upon which the plaintiff relies to carry the inception of his title back beyond the commencement of the action of *Duff* v. *Duff*, and to the date of the mortgages, has no application to this case. It may be true that the title of a purchaser at foreclosure sale relates back to the mortgage as against the parties to the foreclosure, but it does not cut out the title of a subsequent purchaser, or the lien of a subsequent encumbrancer by recorded conveyance who has not been made a party. On the former appeal of this case we decided that these defendants held substantially the same relation to the mortgagees as a subsequent grantee by recorded conveyance, and to cut off their right of redemption it was equally essential to have made them parties to the foreclosure suits, which was not done. If they had been made parties, this long controversy need never have arisen. Their interest in the land, as well as that of Robert P. Duff, would have passed by the foreclosure sale, and unless a redemption had been made within six months the absolute ownership would have vested in the purchasers as of the date of the mortgages. Or, if a redemption had been made, the purchasers and the mortgagees would have had their money with interest and costs; everything, in short, to which they or either of them had any vested right at the date of the filing of notice of *lis pendens* in *Duff* v. *Duff*. And it would have made no sort of difference to them whether the redemption was made by one or the other of the parties to the action of *Duff* v. *Duff*. Whoever redeemed, they would have got all they were entitled to receive.

But, for some reason, the mortgagees of R. P. Duff omitted to make the successors of William R. Duff, of whose claim to the ownership of the mortgaged premises they had at least constructive, and therefore legally sufficient, notice parties to their foreclosure suits; and

whether this omission was due to want of actual knowledge of the matters being litigated in *Duff* v. *Duff*, or to a deliberate choice, founded upon whatever motives, the inconvenient consequences must fall upon those to whose fault the omission was due, and not upon innocent parties. Among the consequences of the omission to make the successors of William R. Duff parties to the foreclosure of the Ritchie and Fiebig mortgages was the necessity of prosecuting another action in some form to bar or determine their right of redemption, and the present action by the purchaser under the foreclosure proceedings, though in form an action to quiet title, is in effect nothing more nor less than a suit to foreclose the mortgages as against the plaintiffs in *Duff* v. *Duff*, just as their cross-complaint is in effect a suit to redeem.

In the form which the litigation assumed through the mistake or choice of the plaintiff and his predecessors he was subjected to the necessity of relitigating in this action the validity and amount of the mortgage liens, but the mortgagees could not by their disregard of the regular procedure for the enforcement of their rights compel the defendants to relitigate with them or their successor, in what is practically another suit to foreclose their mortgages, the rights finally determined in the action of *Duff* v. *Duff*. As to all the rights involved in that action, plaintiff is the successor of Robert P. Duff, with notice of *lis pendens*, and a judgment that binds his grantor is equally binding upon him. The fault of his argument on this branch of the case is, that it ignores the double relation in which he stands to the premises in controversy. To establish his right he must show himself the successor of the mortgagees, and also of the owner of the land, or right of redemption. As to the latter, he has nothing to rely upon except a proceeding which undoubtedly vested him with whatever interest Robert P. Duff had, but it has been determined in an action between Robert P. Duff and the defendants, of the pendency of which he and his predecessors had notice before the commencement of the proceedings

under which he claims, that Robert P. Duff had no title, and that what was apparently his property was, in fact, the property of the defendants. As to the interest so litigated, the judgment and finding are necessarily conclusive, not only upon Robert P. Duff, but upon all who claim under or through him by virtue of such proceeding.

We do not find anything in the decisions cited by appellant in support of his contention which is not easily reconcilable with what has been said upon the points discussed, and the propositions laid down are of such an elementary character that we do not deem it necessary to cite the authorities which support them. For the reasons given we do not think the court erred in any of its rulings upon the effect of the judgment and findings in *Duff* v. *Duff*, or in admitting (under the stipulation of the parties) the testimony given by R. P. Duff in that action, or the testimony of Ryan.

The second principal assignment of error relates to the rulings of the court construing and applying the order granting a new trial to the plaintiffs in *Duff* v. *Duff* upon a single issue. All the questions presented by this assignment have been settled by the recent decision filed in *Duff* v. *Duff*, which involved substantially the same questions, and it must be held upon the authority of that case that the superior court did not err in any of these rulings.

The same may be said of the rulings referred to in the third specification of error. Substantially the same rulings were considered and approved in *Duff* v. *Duff*, and can no longer be questioned.

The remaining specifications of error relate to that part of the interlocutory and final decrees in regard to the accounting. With respect to these matters we cannot say that the findings as to the various items and amounts debited to the respective parties are unsupported by the evidence, or that the charge against plaintiff for rents that he might have realized by proper management of the property after it came into his pos-

session was unauthorized. He was not a mortgagee in possession and was not entitled to the benefit of the rule applicable to that case. So far as relates to his possession of the property he stood in the shoes of R. P. Duff, and is accountable to the defendants for the rents and profits to the same extent that Duff would have been. But plaintiff was also the successor to the mortgagees and entitled as against the defendants to receive all that was equitably due on the mortgages, including interest on the amount secured up to the date of payment or tender. The superior court allowed him interest on said amount, and other sums with which he is credited only up to March 15, 1885, the date of the filing of the cross bill, upon the ground that it contained a sufficient tender by defendants to stop interest. We do not think, however, that anything contained in the cross bill amounts to a sufficient tender or offer to redeem to stop interest, and therefore we think the court erred in not allowing interest to the plaintiff on the amounts credited to him down to the date fixed by the decree for computing the interest on defendant's credits.

Wherefore the judgment of the superior court is affirmed in all respects except as to this matter of interest, as to which the judgment is reversed, and the cause is remanded to the superior court with directions to amend its decree by allowing interest to the plaintiff down to March 1, 1892, and by reducing the judgment against him correspondingly.

HARRISON, J., McFARLAND, J., GAROUTTE J., PATERSON, J., and FITZGERALD, J., concurred.

Mr. JUSTICE DE HAVEN, being disqualified, did not participate in the foregoing decision.