TORRES ET AL., DEMANDANTES Y APELADOS, *v.* RAMOS, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre reivindicación de bienes inmuebles.

No. 2128.—Resuelto en junio 7, 1920.

DISCRECIÓN JUDICIAL—ENMIENDAS A LAS ALEGACIONES—ABUSO DE DISCRECIÓN.— El poder de las cortes para permitir enmiendas a las alegaciones es amplísimo y tendría que demostrarse un claro abuso de discreción o un manifiesto perjuicio a la parte contraria para que la corte suprema revocara una sentencia por virtud de la acción del juez de distrito en tal sentido.

NUEVO JUICIO EN CUANTO A DETERMINADA CUESTIÓN.—Cuando en un caso hay más de una cuestión de hecho y tales cuestiones por su naturaleza son distintas y susceptibles de ser separadas, está dentro de las facultades de la corte sentenciadora el ordenar un nuevo juicio sobre una de esas cuestiones y negarlo en cuanto a las otras.

Los hechos están expresados en la opinión.

Abogado de los apelados: *Sr. L. Montalvo.*

Abogado de la apelante: *Sr. B. Forés.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En la demanda se alegó que los demandantes eran dueños de una finca rústica compuesta de seis cuerdas de terreno sembradas de café, chinas y guineos, y que la demandada, sin derecho, de mala fe, se posesionó de tres cuadros más o menos de terreno de la indicada finca, y se negaba a entregarlos a los demandantes. La finca de seis cuerdas, y la porción de tres cuadros de una cuerda, se describen debidamente en la demanda. Se alegó además en ésta, que durante los nueve años que hacía que la demandada detentaba el terreno, había percibido frutos por valor de $475. Se solicitó una sentencia mandando entregar la tierra a los demandantes, por ser de su propiedad, y ordenando el pago a los mismos de una indemnización ascendente a $475.

La demandada contestó negando las alegaciones de la demanda. Fué el pleito a juicio y la corte dictó sentencia ordenando a la demandada que devolviera a sus dueños los demandantes el terreno de que se trata y les pagara además

$525, importe de los frutos por ella percibidos durante siete años.

La sentencia se dictó el 31 de mayo de 1917 y no consta que se apelara de ella. La demandada solicitó un nuevo juicio que le fué concedido. No forma parte de la transcripción la solicitud. Tampoco la prueba practicada en el juicio anterior relativa a la propiedad del terreno. Del récord taquigráfico incluído aparece que cuando comenzó a celebrarse el nuevo juicio se suscitó una controversia entre las partes con respecto a cierta enmienda de la demanda. Parece que ésta se había enmendado en el sentido de alegar que la detentación había durado nueve años y que el juez sugirió que se eliminara la enmienda y quedara la alegación tal como se había hecho al principio, o sea, que la detentación había durado siete años. La parte se opuso y la transcripción es muy confusa con respecto a este particular. La demanda que se incluye en dicha transcripción dice que la detentación duró nueve años. La prueba practicada luego fija dicho período en siete.

También surgió otra controversia entre las partes en relación con la extensión que debía darse al nuevo juicio, que fué resuelta por la corte así:

"La corte ahora va a resolver la cuestión planteada. Entiende que habiendo sido un nuevo juicio únicamente para determinar la indemnización que procede, el derecho de la demandante habiendo sido resuelto definitivamente a favor de dicha demandante, no se debe practicar prueba respecto a este extremo sino limitarse a la indemnización. Esta misma cuestión fué resuelta en la Corte Federal no hace mucho, en el caso de *José Romero* v. *Ignacio Peñagaricano y otros.*—Demandado: Tomo excepción."

Se procedió entonces a la práctica de la prueba, declarando por los demandantes María de la Paz Torres y Samuel Torres. La demandada no presentó prueba.

Terminado el nuevo juicio, la corte, el 15 de septiembre de 1919, dictó sentencia declarando que los tres cuadros de terreno de que se trata y que se describen son de la pro-

piedad exclusiva de los demandantes, ordenando a la demandada que devuelva a los demandantes los dichos tres cuadros de terreno, y condenando a la dicha demandada a pagar a los demandantes la suma de $475 como indemnización por los frutos que ha percibido durante siete años, con más las costas, gastos, desembolsos y honorarios de abogado.

Contra esa sentencia interpuso la parte demandada el presente recurso de apelación, señalando en su alegato la comisión de dos errores, a saber, los cometidos por la corte al permitir la enmienda de la demanda y al limitar el nuevo juicio a la cuestión de los frutos.

Ya hemos expresado los hechos relativos a la enmienda. Repetimos que la transcripción es confusa. Hemos tratado de penetrar en la verdad de lo ocurrido y no podemos concluir que la corte cometiera error fundamental alguno. De todos modos la enmienda no perjudicaba a la demandada. El poder de las cortes para permitir enmiendas a las alegaciones es amplísimo y tendría que demostrarse un claro abuso de discreción o un manifiesto perjuicio a la parte contraria, para que esta corte revocara una sentencia por virtud de la acción del juez de distrito en tal sentido.

Ratificamos la doctrina expuesta por esta corte en el caso de *Palermo et al.* v. *Vilá,* 14 D. P. R. 279, 282, a saber:

"Cuando se enmienda un escrito se debe volver a redactarlo, incluyendo la enmienda, resultando el nuevo escrito un sustituto del documento original.".

Pero el hecho de que al parecer no se siguiera esa práctica en este caso, no implica necesariamente la revocación de la sentencia.

El segundo error alegado se refiere, como hemos dicho, al cometido por la corte al circunscribir la celebración del nuevo juicio a una cuestión determinada. Ya hemos dicho que no forma parte de los autos la solicitud de nuevo juicio y consta de lo que dejamos expuesto cómo interpretó la corte su propia resolución concediéndolo. El poder de la corte

para hacer tal limitación es incuestionable de acuerdo con la ley y la jurisprudencia, no habiéndose cometido, en tal virtud, el error señalado.

Un nuevo juicio, según la ley, artículo 220 del Código de Enjuiciamiento Civil, es la revisión de una cuestión de hecho ante la corte o árbitro que celebró el anterior en que se suscitó aquella y pronunció sentencia. Y, según la Corte Suprema de California.—

"Cuando en un caso hay más de una cuestión de hecho y tales cuestiones por su naturaleza son distintas y susceptibles de ser separadas, está dentro de las facultades de la corte sentenciadora el ordenar un nuevo juicio sobre una de esas cuestiones y negarlo en cuanto a las otras. *San Diego L. & T. Co.* v. *Neal,* 78 Cal. 64 (3 L. R. A. 83, 20. Pac. 372); *Duff* v. *Duff,* 101 Cal. 4 (35 Pac. 437); *Mountain, etc., Co.* v. *Bryan,* 111 Cal. 38 (43 Pac. 410). Estos casos sostienen también que cuando se concede un nuevo juicio en tales circunstancias ello abre a examen sólo la cuestión respecto de la cual ha sido ordenado, que la determinación de las otras cuestiones subsistirá en el record y que éstas no pueden ser juzgadas nuevamente." Estate of Everts, 163 Cal. 452.

Habiendo llegado a las anteriores conclusiones, claro es que no hay duda alguna con respecto a la confirmación de aquella parte de la sentencia que declaró que la propiedad del terreno en cuestión correspondía a los demandantes y ordenó su entrega a los mismos. Resta solo considerar la cuestión relativa a los daños y perjuicios.

Es realmente difícil la prueba exacta de lo dejado de percibir por el dueño de una propiedad detentada por otra persona, por concepto de frutos producidos. Hay datos en las declaraciones de los testigos en este caso que elevan la producción del café, chinas y guineos de los tres cuadros de terreno de que se trata a $75 al año, pero uno de esos mismos testigos fija en general la producción en $40 ó $50 anuales. Creemos que la suma inferior es la que puede tomarse como base, atendida la clase de prueba practicada, lo incierto de las cosechas, la variedad de los precios y otras circunstancias.

Por virtud de todo lo expuesto, opinamos que debe con-

firmarse la sentencia recurrida, pero modificándola en el sentido de fijar la indemnización en $280 por los frutos dejados de percibir por los demandantes en los siete años que. duró la detentación.

> *Confirmada la sentencia apelada pero modificándola en el particular relativo a la cuantía de la indemnización que se fija en 280 dólares.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.