# 97 DTA 112

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAGUAS, HUMACAO Y GUAYAMA**

GLADYS N. PEREZ GARCIA Y SU ESPOSO RAFAEL DIAZ OCASIO Y LA
SOCIEDAD LEGAL DE GANANCIALES POR ELLOS CONSTITUIDA
Apelantes

v.

COOPERATIVA DE AHORRO Y CREDITO NAGUABEÑA
Apelada

Núm. KLAN-96-00169

San Juan, Puerto Rico, a 13 de mayo de 1997

Panel integrado por su presidente, el Juez Salas Soler
y los Jueces Cabán Castro y Gierbolini

Cabán Castro, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita revoquemos una sentencia sumaria dictada por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 19 de diciembre de 1995 y archivada en autos copia de la notificación a las partes el 26 de diciembre de 1995. Mediante la misma se declara con lugar la solicitud de sentencia sumaria de la parte apelada, y en su consecuencia se ordena la desestimación y archivo del caso.

## I

Alega el apelante que:

*"A. Abusó de su discresión [sic] el tribunal de instancia al resolver que la querellante-apelante había desistido de su reclamación bajo la Ley 80 de 30 de mayo de 1976 y que, por lo tanto, no procedía la enmienda a la querella original conforme lo dispuesto en la Regla 13.1 de las de Procedimiento Civil de 1979.*

*B. Erró el tribunal de instancia al resolver que el único y exclusivo remedio que tenía la querellante-apelante eran los dispuestos por la Ley 80 y que, por lo tanto, carecía de una causa de acción por incumplimiento de contrato."*

Por los fundamentos que expondremos a continuación, se modifica la sentencia apelada.

Los hechos que dan lugar al presente recurso se resumen a continuación:

## II

El 9 de septiembre de 1994 la Sra. Gladys N. Pérez García (Sra. Pérez) radicó en el Tribunal de Primera Instancia, una querella por despido injustificado contra la parte apelada, Cooperativa de Ahorro y Crédito La Naguabeña (Cooperativa). Basó su reclamación en lo dispuesto en la Ley Núm. 80 del 30 de mayo de 1976, según enmendada, 29 L.P.R.A. §§ 185a - 185i, y se acogió al procedimiento sumario de la Ley Núm. 2 del 17 de octubre de 1961, según enmendada.

Con fecha del 22 de septiembre de 1994, la Cooperativa contestó la querella alegando que la Sra. Pérez García fue despedida con justa causa, por incumplimiento en el desempeño de sus funciones.

El 9 de marzo de 1995 la Sra. Pérez radicó una *"Solicitud de enmienda a querella"* para incluir como parte querellante a su esposo, Rafael Díaz Ocasio y a la Sociedad Legal de Gananciales constituida por ellos. Además, se solicitó añadir una nueva causa de acción.

El 8 de abril de 1995 los apelantes presentaron la enmienda a la querella donde alegaron que el despido de la Sra. Pérez no cumple con los reglamentos de la Cooperativa, por lo que es ilegal, nulo e ineficaz. Mediante resolución del 26 de abril de 1995, instancia ordenó se uniera esta enmienda al expediente.

El 17 de agosto de 1995, la Cooperativa radicó su contestación a la querella enmendada y el 18 de agosto de 1995 una *"Contestación Enmendada a Querella Enmendada"*.

El 9 de noviembre de 1995 la Cooperativa presentó una moción solicitando sentencia sumaria, donde alega que de la querella enmendada surge la falta de causa de acción por haber prescrito la misma.

El 19 de diciembre de 1995 el Tribunal de Primera Instancia dictó la sentencia apelada, declarando con lugar la solicitud de sentencia sumaria de la parte apelada.

## III

Como señala nuestro Tribunal Supremo en *Vélez Toro v. Látimer,* 125 D.P.R. 109 (1990), *"[e]l propósito de las alegaciones es bosquejar la controversia a grandes rasgos para notificar a la parte contraria, de esta forma, sobre las contenciones y reclamaciones en su contra. Así, la parte demandada queda debidamente apercibida y puede comparecer, si lo desea, a defenderse de lo que le reclaman."* ▮ Lo importante es que de las alegaciones de la demanda los demandados están razonablemente prevenidos de lo que los demandantes intentan reclamar. ▮

En el caso de autos, la Sra. Pérez inició su acción al amparo de la Ley Núm. 80 del 30 de mayo de 1976, *supra.* Los apelados fueron debidamente notificados quedando apercibidos de la reclamación de la Sra. Pérez, compareciendo a responder éstos el 22 de septiembre de 1994.

Luego de haberse contestado la querella, los apelantes solicitaron permiso al tribunal de instancia

para enmendar la querella para añadir a ésta otros demandantes y una nueva causa de acción.

En cuanto a las alegaciones enmendadas la Regla 13.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone:

Cualquier parte podrá enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación respondiente, o si su alegación es de las que no admiten alegación respondiente y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso las partes podrán enmendar su alegación únicamente con permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le restare para contestar la alegación original o dentro de veinte (20) días de notificársele la alegación enmendada, cualquiera de estos plazos que fuere más largo, a menos que el tribunal de otro modo lo ordenare.

El poder de los tribunales para permitir enmiendas a las alegaciones es amplísimo y tiene que demostrarse un claro abuso de discreción o un manifiesto perjuicio a la parte contraria, para revocarse una sentencia por virtud de la acción de instancia en dicho sentido. ■■

Como surge de la Regla 13.1 transcrita, una vez notificada una alegación respondiente, la demanda se podrá enmendar únicamente con permiso del tribunal o mediante consentimiento por escrito de la parte contraria. ■ En el caso de autos el tribunal permitió las enmiendas.

Los apelantes presentaron su enmienda a la querella, pero no incluyó el párrafo número 4 de su querella original, que transcribe así:

Que conforme a lo dispuesto en la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, la parte querellante tiene derecho a recibir de la parte querellada:

*"a. el sueldo correspondiente a un mes por concepto de indemnización que en este caso será de $1,075.00 más una indemnización progresiva adicional equivalente al sueldo de una semana ($248.26) multiplicado por cada año de servicio (10) que en este caso equivaldría a $2,482.67 para una indemnización total de $3,557.67."*

Como consecuencia de esto, instancia entendió que la parte apelante había desistido de su reclamación al amparo de la Ley 80, *supra*. En el caso *Palermo, et al v. Vila,* 14 D.P.R. 279, 282 (1908), nuestro Tribunal Supremo expresó que no volver a redactar las alegaciones de la demanda original es una práctica viciosa, expresando:

*"Cuando se enmienda un escrito se debe volver a redactarlo, incluyendo la enmienda, resultando el nuevo escrito un sustituto del documento original."* ■

El hecho de que en el caso de autos no se siguiera esa práctica no implica que los apelantes hayan desistido de su reclamación bajo la Ley 80, *supra*. En su *"Solicitud de Enmienda a Querella,"* los apelantes específicamente indican que no están modificando las alegaciones previas en que basan su querella, sino que sólo están añadiendo nuevos criterios y una reclamación por daños.

Aunque el deber de la parte apelante era volver a redactar la querella incluyendo las enmiendas, su incumplimiento no conlleva el que se haya desistido de la alegación original.

Nuestro Tribunal Supremo ha expresado, tradicionalmente, que la negativa a ver un caso en los méritos debe ser el último recurso a utilizarse, cuando quede probado que otras sanciones resultan ineficaces y es patente el desinterés y abandono de la parte en su caso. ■ Dado esto erró el Tribunal de Primera Instancia al tener por desistida la causa de acción de los apelantes al amparo de la Ley 80, *supra*. Dicho foro debió haber sancionado a la parte apelante de otra forma que no conlleve el no ver el caso en sus méritos. El primer error se cometió.

El segundo error nos plantea si la parte apelante carecía de una causa de acción por incumplimiento

de contrato.

## IV

La Ley Núm. 80, *supra*, es la que regula el despido injustificado. Esta provee una indemnización para los empleados contratados por término indefinido que son despedidos sin justa causa y define qué es justa causa. ■

En reiteradas ocasiones nuestro Tribunal Supremo ha señalado que como regla general un obrero contratado por tiempo indeterminado, que es despedido sin justa causa, sólo tiene derecho al remedio que provee la Ley Núm. 80, *supra*. ■ Ahora, en el normativo *Rivera v. Security National Life Insurance Co., supra*, se reconoció *"que este remedio no excluye responsabilidad civil de un patrono por conducta torticera en que incurriere por otros motivos que no sean la mera violación de una disposición de las leyes del trabajo"*. Es decir, que el remedio exclusivo de la Ley Núm. 80 no excluye una causa de acción por responsabilidad civil de un patrono si esta reclamación emana de una fuente independiente al despido injustificado.

En su *"Querella Enmendada"*, la Sra. Pérez añade una causa de acción por incumplimiento de contrato. Según la Sra. Pérez hubo incumplimiento de contrato, ya que su despido fue contrario al reglamento de personal y las normas y medidas disciplinarias de la Cooperativa, no siguiéndose los procedimientos establecidos en estas disposiciones. Esta alegada conducta torticera de la Cooperativa, no es independiente al despido, por lo que el único remedio que tiene la Sra. Pérez es el que provee la Ley Núm. 80, *supra*.

En conclusión, el segundo error alegado por la apelante no fue cometido.

## V

Por los fundamentos antes expuestos, se revoca la sentencia apelada en cuanto a que la Sra. Gladys Pérez renunció a su acción al amparo de la Ley 80, *supra*, confirmando lo referente a la causa de acción por incumplimiento de contrato. Se devuelve el caso a instancia para continuación de los procedimientos de conformidad con lo aquí expresado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 112

1. Véanse casos allí citados.

2. *Ortiz Díaz v. R & R Motors Sales Corp.*, 131 D.P.R. 48 (1992).

3. *Torres, et al v. Ramos,* 28 D.P.R. 586, 588 (1920).

4. *Ortiz Díaz v. R & R Motor Sales, Corp., supra.*

5. Ratificado en *Torres, et al v. Ramos, supra.*

6. *Amaro González v. First Federal,* 134 D.P.R. ___ (1993), **93 J.T.S. 46.**

7. Artículo 2, Ley Núm. 80, *supra*, 29 L.P.R.A. § 185 b; véase *Vélez Rodríguez v. Pueblo International, Inc.*, 137 D.P.R. ___ (1994), **94 J.T.S. 37.**

8. *Acevedo Santiago v. Western Digital Caribe, Inc.*, 140 D.P.R. ___ (1996), **96 J.T.S. 42**; *Porto v. Bentley Puerto Rico. Inc.*, 133 D.P.R. ___ (1992), **92 J.T.S. 175**; *Arroyo v. Rattan Specialties, Inc.*, 117 D.P.R. 35 (1986); *Rivera v. Security National Life Ins.*, 106 D.P.R. 517 (1977).