EMILE KOWER AND JOHN HARBER *v.* JOHN F. GLUCK, CHARLES E. HANSEN, AND JOHN H. FRICKER.

| 33 | 401 |
| 110 | 672 |
| 33 | 401 |
| 133 | 247 |

RELATION OF LANDLORD AND TENANT.—When the relation of landlord and tenant is once established, that relation is not destroyed by an assignment of the leasehold estate from the lessee to the lessor, and a cancellation of the lease, and a release of the tenant from future liability, but these acts must be accompanied by a surrender of the demised premises to the lessor.

UNLAWFUL DETAINER.—When the relation of landlord and tenant is once established, an action of unlawful detainer for holding over contrary to the terms of agreement between the parties for the cancellation of the leasehold may be maintained, until that relation is destroyed by a surrender of the demised premises, or by law.

WHEN TENANT MAY BE REMOVED.—When the tenant assigns his interest in the leasehold to the landlord, and the lease is cancelled, and the tenant is released from future liability and agrees to restore possession to the landlord on a time fixed, the landlord may remove him by proceedings under the Forcible Entry and Detainer Act, if he refuses to restore possession, although the term of the lease has not expired.

IDEM.—The lease expires in such case by agreement, and if the tenant retains possession after demand in writing to surrender it, he is guilty of an unlawful holding over.

DAMAGE IN FORCIBLE ENTRY AND DETAINER.—In an action by the landlord against the tenant for an unlawful detainer, damage sustained by the landlord to property adjoining the demised premises in consequence of the tenant holding over cannot be recovered.

APPEAL FROM JUDGMENT.—An appeal does not lie from a judgment, after a new trial has been granted.

APPEAL from the County Court, City and County of San Francisco.

The basement of the building contained a greater amount of room than was rented to defendants, but the part rented

by defendants commanded the only access to it. Plaintiffs claimed that they could not rent this without having possession of the part demised to defendants, and that they could have rented the whole together for one hundred and fifty dollars or two hundred dollars per month, while the demised premises only brought much less. On the trial, plaintiffs were allowed damages for losing this additional rent.

The other facts are stated in the opinion of the Court.

*G. F. & W. H. Sharp,* for Defendants and Appellants.

This action is brought under the Act concerning forcible entries and unlawful detainers, against one claimed to be a tenant, for holding over. (Sec. 3 of Act concerning unlawful detainers.) By the cancellation of the lease the conventional relation of landlord and tenant ceased to exist between plaintiffs and Gluck and Hansen.

The statute in no place defines the class of tenants to whom its provisions are applicable, but judicial construction has, and it is now well settled that only in the first case—that is, where the *conventional* relation exists—can this statutory proceeding be maintained. Thus, if a grantor retains possession of land after the execution and delivery of a deed of conveyance of it, he becomes a tenant at will by implication of law. So if a person enters under an agreement of purchase, with the consent of the owner of the land. And yet in none of these cases could the action in question be maintained because the conventional relation of landlord and tenant does not exist. (Willard on Real Estate, 217; *Everton* v. *Sutton,* 5 Wend. 281; *Roach* v. *Cosine,* 9 Wend. 227; *Sims* v. *Humphreys,* 4 Denio, 185.)

The conventional relation of landlord and tenant ceased to exist between the parties herein on the sixteenth day of April, 1866, and having ceased to exist, this action, which is based on a privity of estate, can no longer be maintained. The action is founded on a lease, which the plaintiff must prove; furthermore, he must prove that the term of the

lease has expired, and that defendants hold over after such expiration. There was no proof that the term *expired;* the lease was cancelled, it is true, and if the cancellation has the same effect as an expiration of the lease by limitation, then we claim that the doctrine be carried a little further, to its legitimate conclusion, viz : that the lease is utterly spent; that no tenancy longer exists; that no liability under it continues.

The Court erred in admitting evidence of the value of use and occupation *dehors* the lease.

*Wm. W. Chipman,* for Plaintiffs.

The damages to plaintiffs are provided for, by the law, which gives to every man damages for a violation of the agreement which his adversary has committed. If these damages legitimately flow from the violation of the agreement of lease on the part of the defendants, there can be no reason under our practice for plaintiffs to be driven to the doubtful remedy of trespass or any other action to recover what they are entitled to. *Hicks* v. *Herring,* 17 Cal. 569, permits damages to extend to all matters which are the natural result of the previous injury, up to the time of verdict.

Section two hundred and sixty-eight, 2 Greenleaf, says, that in proof of damages the "parties must be confined to the principal transaction complained of, and to its *attendant circumstances,* and natural *results ;* for these alone are put in issue." The cancellation of April sixteenth, endorsed on the lease, was in spirit and intention a conditional cancellation; was made at the same time that Gluck and Hanson recognized and reaffirmed the agreement of February first to surrender the premises; which agreement was a part of, or a cotemporaneous fact on which the lease was founded and predicated. The cancellation was only a conditional termination of the lease and the liabilities under it, and intended to take effect only upon the absolute surrender or vacating of the premises in accordance with the intention of the

parties, as indicated in the instruments of February 1st and April 16th, 1866.

In reply to the argument on " conventional relation," we can equally well assert that a conventional relation ceases to exist when a tenant holds over after termination by lapse of time, contrary to conditions, failing to pay rent, or for any other reason named in or out of the statute.

By the Court, CURREY, C. J.:

This action was brought in the County Court of the City and County of San Francisco, under the Act concerning forcible entries and unlawful detainers. The plaintiffs leased to the defendants, Gluck and Hansen, the basement of the premises at the corner of Sutter and Kearny streets, San Francisco, consisting of twenty feet on Kearny street and fifty-seven feet on Sutter street, for the term of one year, commencing the 1st of February, 1866. Subsequent to the date of the lease, and on the day of the commencement of the term, the same defendants covenanted and agreed with the plaintiff, Kower, to assign and transfer to him the lease-hold granted to them whenever the consideration therefor should be rendered; and subsequently, on the 16th of April in the same year, they acknowledged the receipt of the consideration and made the assignment in pursuance of their covenant to do so; and at the same time the plaintiffs and defendants, Gluck and Hansen, executed an instrument in writing declaring the lease cancelled and annulled; and the former released the latter from all future liabilities upon and under the lease. At the time of the assignment, transfer and surrender of the lease, the defendant Fricker was in possession of the premises as the under-tenant of Gluck and Hansen. Fricker continued in possession, and being in possession on the 23d of May, the plaintiffs caused a notice directed to each of the defendants by name, to be served on the defendants, Gluck and Hansen, demanding a surrender of the possession of the premises. Before then the

defendant, Fricker, received notice of the termination of the leasehold term, and was requested to vacate the premises. Notwithstanding these demands, Fricker continued to hold the possession of the property, and on the 11th of July the plaintiffs commenced their action for the recovery of the premises and for two hundred dollars per month as rent, from the date of the demand, which they asked the Court to treble, and for damages in the sum of one thousand dollars. Fricker was served with process, but made default. Gluck and Hansen answered, denying that the lease was binding upon them after the 16th of April, and pleading the cancellation of the lease on that day, and their release thenceforth of all liabilities upon and under it; and further denying that plaintiffs had suffered any damage whatever by reason of the alleged wrongful and unlawful withholding and detention of the premises.

The cause being tried without the aid of a jury, the Court found the execution of the lease as alleged; the entry of Fricker as the under-tenant of Gluck and Hansen; the cancellation and surrender of the lease as above stated; the detention of the premises by the defendants down to the date of the trial, and also that the demised premises were of the rental value of one hundred dollars a month, from the 16th of April to the time of the trial, which was on the 30th of July, 1866, and that by reason of such withholding and unlawful detention the plaintiffs were deprived of the use and enjoyment of the premises adjoining the demised premises, which belonged to them, to their damage in the sum of one hundred dollars a month; and the Court further found that the plaintiffs were entitled to recover as rents for the demised premises, during the period of the unlawful detention of the same, three hundred and forty-six dollars, and for damages for such detention, the further sum of three hundred and forty-six dollars, which sums, amounting to six hundred and ninety-two dollars, it was ordered and adjudged, should be trebled, making the amount two thousand and seventy-six dollars; and thereupon judgment was

entered in accordance with such findings and for costs against the defendants. A motion for a new trial was made, and the Court ordered that plaintiffs within ten days execute and file a release of all damages given them in excess of five hundred and twenty dollars, or in default thereof that a new trial be granted. The plaintiffs refused to comply with the order directing the execution and filing of a release of damages, but appealed from the order. The defendants Gluck and Hansen appealed from the judgment, notwithstanding it had been vacated and set aside by the order granting a new trial.

The technical relation of landlord and tenant was created by the lease executed between the plaintiffs of the one part and Gluck and Hansen of the other part, and the entry of the latter upon the term granted. That relation was not dissolved by the execution, on the 16th of April, 1866, of the papers intended as an assignment and release and cancellation of the lease. The execution of such papers was a step toward working a termination of the relation of landlord and tenant; but a surrender in fact of the demised premises was essential to the completion of a dissolution of that relation.

The term of the leasehold expired by the contract of the parties on the sixteenth of April, when the lessees were in law bound to surrender the possession to their lessors. Their possession after that date was a holding over of the lands and tenements demised contrary to their agreement, and therefore they were liable to be proceeded against under the Act concerning forcible entries and unlawful detainers. The plaintiffs demanded of their lessees a surrender of the premises. This was done in writing on the twenty-third of May. The defendants disregarded the demand, and as a consequence must, under the statute, be deemed to have been guilty of an unlawful detainer of the premises, dating from the time they received the written demand. (Laws 1863, p. 653, Secs. 3 and 4; *Hunt* v. *Comstock*, 15 Wend. 665.)

The plaintiffs were permitted to prove, upon the trial, the

damage which they sustained by the defendants' holding
over, in respect to their property immediately adjoining the
demised premises, and this, too, notwithstanding the defend-
ants' objection to the testimony offered for the purpose. Such
damage was not, in our judgment, a proper subject of inquiry
in this action, involving considerations of special jurisdiction,
because it related to property respecting which there was no
subsisting relation of landlord and tenant between the parties.
The objection to the testimony on this point should have
been sustained.

The plaintiffs were entitled to judgment for restitution of
the premises, and a judgment for three times the amount of
the damages which they sustained by the unlawful detainer.
The measure of damage in such case may be the actual value
of the use and occupation of the premises while unlawfully
detained.   So far as we are advised by the record, such must
be deemed the measure of damage in this case.   Whether
the order requiring the plaintiffs to release so much of the
judgment for damages as exceeded the sum of five hundred
and twenty dollars or that a new trial be granted, was
founded in the rule above suggested as to damages or not, is
not entirely clear, though we suspect it was.   However this
may be, upon a new trial the Court will be able to award
damages as required by the law applicable to the case which
shall be made by the evidence.

The order granting a new trial had the effect to vacate the
judgment from which the defendants appealed, and hence
their appeal is inconsequential and must be dismissed.   The
order granting a new trial must be affirmed.   The parties
respectively must pay their own costs.   It is therefore ordered
that the appeal of defendants be dismissed, and that the
order granting a new trial be affirmed, and further that the
parties respectively pay their own costs.