[No. 15464.   In Bank.—January 10, 1896.]

## DAVID T. PIERCE ET AL., APPELLANTS, *v.* H. H. BIRKHOLM ET AL., RESPONDENTS.

APPEAL—ORDER GRANTING NEW TRIAL—EFFECT UPON JUDGMENT—DISMISSAL.—Although a valid and subsisting order granting a new trial, which remains in full force and effect, operates to set aside the findings and judgment, yet where an appeal is taken from the order granting a new trial, it suspends the operation of the order, and pending such appeal the judgment remains subsisting for the purposes of an appeal therefrom, as if no order for a new trial had been made, and an appeal from the judgment cannot be dismissed upon the ground that it was vacated by the order granting a new trial.

ID.—EFFECT OF REVERSAL OF ORDER.—The reversal of an order granting a new trial leaves the verdict and judgment standing.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*William H. Jordan*, for Appellants.

A final judgment and an appealable order determining the merits of the matter in dispute are synonymous

terms, so far as the rights of the parties before this court are concerned. (*Belt* v. *Davis,* 1 Cal. 136; *Dowling* v. *Polack,* 18 Cal. 626; *Sacramento etc. R. R. Co.* v. *Harlan,* 24 Cal. 338; *Hills* v. *Sherwood,* 33 Cal. 478; *Phillips* v. *Pease,* 39 Cal. 584; see, also, Code Civ. Proc., sec. 577.) The appeal from the order granting a new trial had the effect of suspending all proceedings in the court below until the appeal was disposed of. (*Thornton* v. *Mahoney,* 24 Cal. 569; *People* v. *Frisbie,* 26 Cal. 139; *McGarrahan* v. *Maxwell,* 28 Cal. 92; *Murray* v. *Green,* 64 Cal. 369; *Harris* v. *Barnhart,* 97 Cal. 550; *Ford* v. *Thompson,* 19 Cal. 119.) The judgment of the lower court is not annulled by the appeal from the order. (*Estate of Crozier,* 65 Cal. 333.) The reversal of an order denying a new trial reverses the judgment, but the reversal of an order granting a new trial leaves the verdict and judgment standing. (Hayne on New Trial and Appeal, sec. 299.)

*W. S. Goodfellow,* for Respondents.

An order granting a new trial operates to vacate the judgment. (*Walden* v. *Murdock,* 23 Cal. 549; 83 Am. Dec. 135; *Thompson* v. *Smith,* 28 Cal. 528, 534; *Kower* v. *Gluck,* 33 Cal. 401; *Wittenbrock* v. *Bellmer,* 62 Cal. 558; *Wheeler* v. *Kassabaum,* 76 Cal. 90; *Brown* v. *Plumber,* 70 Cal. 337; *Bronner* v. *Wetzlar,* 55 Cal. 419, 420; 2 Encyclopedia of Pleading and Practice, 323–25; *Rogers* v. *Hatch,* 8 Nev. 35; *Railway Co.* v. *Twombly,* 100 U. S. 81.)

VAN FLEET, J.—Motion to dismiss an appeal.

Judgment was entered in the action in the court below in favor of defendants on August 15, 1892, but subsequently, on August 26, 1892, the court, on motion of plaintiffs, made an order granting a new trial. From the order granting a new trial defendants, on October 24, 1892, appealed to this court. After the taking of the appeal from said order, the plaintiffs, on May 10, 1893, took an appeal from the judgment.

We are asked by the defendants to dismiss the appeal

from the judgment, upon the ground, as contended, that the effect of the order granting defendants a new trial was to vacate and set aside the judgment, and that, consequently, when the appeal from the latter was taken, it had ceased to have any existence, and there was no judgment to appeal from. This view cannot, in our judgment, be sustained for obvious reasons. The operation of an order granting a new trial is, unquestionably, expressing it in general terms, to vacate the judgment— that is, it sets aside the findings upon which the judgment rests, and the latter necessarily falls. But this implies a valid and subsisting order, remaining in full force and effect. Here the order had been appealed from, and that appeal was pending and undisposed of at the date of the appeal from the judgment. The effect of the appeal from such order was to suspend the operation of the latter, and render it ineffectual until the determination of such appeal, either by a dismissal thereof or by an affirmation of the order. Pending such appeal the judgment remained subsisting, and, for the purposes of an appeal therefrom, stood as if no order for a new trial had ever been made.

The position of defendants, in effect, is that an order granting a new trial becomes effectual immediately upon its entry, and that the judgment is thereby and at once absolutely wiped out of existence; that the effect of an appeal from such order is not to resurrect or restore the judgment for any purpose, whatever deterrent effect it may exert upon the operation of the order in other respects. Manifestly, this position cannot be maintained. If such was the effect intended for the order, it was idle for the legislature to provide an appeal therefrom, since whatever the result of such appeal the judgment would be gone, and there would be no method of reviving it except as a result of another trial; being absolutely dead, it could not be otherwise restored to existence. Furthermore, if such were its effect, it would logically follow that the trial court could proceed, notwithstanding the pendency of an appeal therefrom, and try the case anew;

but this, it has been held from a very early day in this state, cannot be done. (*Ford* v. *Thompson*, 19 Cal. 119.) But such is not the effect of the order. While its ultimate effect, if unappealed from, or if sustained upon the appeal where one is taken, is to vacate the judgment and require another trial of the action, such result does not follow until the finality of the order is determined in one or the other modes suggested. In this respect it is not distinguishable from any other order or judgment from which an appeal is given. Pending an appeal therefrom it is suspended and set at large, and the rights of the parties stand unaffected thereby, excepting in so far as their prosecution may be stayed by virtue of the provisions of the statute. That the effect of the order is not to *destroy* the judgment *ipso facto* upon its entry is made clear when we regard the effect of a reversal of the order on appeal. In such case the law does not provide for entering a new judgment in the court below upon the going down of the *remittitur*, as would be required had the judgment wholly ceased to exist, but the judgment as originally entered in that court stands as the judgment in the action, and has effect from the date of such original entry. " The reversal of an order denying a new trial reverses the judgment, but the reversal of an order *granting* a new trial *leaves the verdict and judgment standing*." (Hayne on New Trial and Appeal, sec. 299. And see, also, *Brooks* v. *San Francisco etc. Ry. Co.* (Cal., Nov. 26, 1895), *ante*, p. 173.)

In support of the view contended for by them, defendants cite us to the following cases from this court: *Walden* v. *Murdock*, 23 Cal. 549; 83 Am. Dec. 135; *Thompson* v. *Smith*, 28 Cal. 528, 530; *Kower* v. *Gluck*, 33 Cal. 401; *Wittenbrock* v. *Bellmer*, 62 Cal. 558; *Wheeler* v. *Kassabaum*, 76 Cal. 90; *Bronner* v. *Wetzlar*, 55 Cal. 419; and it is claimed that these cases settle the law in accordance with the position now taken by them. An examination of those cases, however, shows that they fall very far short of sustaining any such view. They do sustain the general proposition, not questioned, that

the effect of an order granting a new trial is to set aside
the judgment; and that is the only question, so far as
anything affecting a consideration of this case is con-
cerned, that is necessarily involved in the determina-
tion of any of those cases. That proposition is found
stated in a general way in various forms, and in one or
two instances in language somewhat too broad and loose,
and such as perhaps to lend some color to the position
now taken by defendants. But, when the cases are read
with reference to the questions before the court, they
will be found in each instance, we think, not inconsis-
tent with the views we have expressed. In all those
cases the court would seem to have used the expres-
sions there found with reference to the effect of such an
order, treated as a finality, and a consideration of the
question as to when the order becomes final does not
appear in any of them to have been involved. In none
of them was the question here involved—the effect upon
the order granting a new trial of an appeal therefrom,
and, consequently, the *status* of the judgment pending
such appeal—under consideration. It is true that in the
case of *Kower* v. *Gluck, supra,* most strongly relied upon
by defendants, there was, as here, an order granting a
new trial, from which an appeal had been taken, and
subsequently an appeal from the judgment. The two
appeals were considered together, and the court deter-
mining that the appeal from the order must be af-
firmed, held that the effect of the order granting a new
trial being to set the judgment aside, the appeal from
the judgment became inconsequential, and should be
dismissed. This is all that is determined by the case,
and to that extent it is obviously correct. If the lan-
guage, which does not seem to have been carefully
chosen to express the meaning of the court, implies any-
thing further, it is not authoritative, because unnecessary
to the determination of the question involved. The
other cases cited need not be specially reviewed, as
we regard them as sufficiently disposed of by what
is said above. None of them, when properly con-

sidered, goes to the length contended for by defendant, or is necessary to sustain this motion. To sustain the doctrine urged by defendants would, not only in this but in most instances of the kind, deprive the party of an opportunity to take advantage of the right of appeal afforded by the statute, and that upon grounds which to us seem wholly unsupported by either reason or authority.

The motion is denied.

McFARLAND, J., GAROUTTE, J., BEATTY, C. J., HENSHAW, J., and TEMPLE, J., concurred.

Mr. Justice HARRISON, being disqualified, did not participate in the foregoing decision.

Rehearing denied.