[No. 18406.    Department One.—January 21, 1896.]

## MOUNTAIN TUNNEL GRAVEL MINING COM-PANY, Appellant, *v.* HAMBLIN S. BRYAN et al., Respondents.

Appeal — Findings — Insufficiency of Evidence — Nonappearance of Respondent.—Where an appellant attacks the findings on the ground that they are not supported by the evidence, and the respondent fails to appear and point out, either orally or by brief, where in a voluminous record the evidence may be found in their support, the appellate court will assume that there is no such evidence, and for that reason will order a new trial as to such respondent.

Id.—New Trial—Order Granting—Appeal from Judgment.—An order of the trial court granting a new trial, until affirmed on appeal, or until the time to appeal therefrom has expired, does not have the effect of vacating the judgment, so as to prevent an appeal from being taken therefrom.

Id.—Granting New Trial Pro Tanto—Form of Order.—In granting a new trial *pro tanto* as to certain particular issues, the trial court should by its order recite with great certainty and in terms the issues upon which the new trial is to be had; and the practice of granting a new trial as to the issues covered by certain numbered findings is condemned.

Appeal from an order of the Superior Court of Placer County granting a new trial. W. H. Grant, Judge.

The facts are stated in the opinion of the court.

*Andrew Thorne,* for Appellant.

*John M. Fulweiler,* and *F. P. Tuttle,* for Respondents Clark and Scherer.

*Hamilton & Hamilton,* for Respondent Bryan.

Garoutte, J.—This is an action of ejectment brought against various defendants, each defendant being in possession and claiming separate portions of the tract of land described in the complaint. Defendants answered separately, denying plaintiff's claims, and, as affirmative defenses and by way of cross-complaint, set out equitable titles, and asked for specific performance.

The trial court found against the claims of plaintiff and decreed specific performance.   Plaintiff appealed from the judgment, and also moved for a new trial upon various grounds, which motion was granted by the court in part and denied in part.   The court, after declaring that in its opinion certain findings of fact, enumerating them *seriatim*, were not supported by the evidence, made the following order: "It is ordered that a new trial be and the same is hereby granted as to the issue of fact involved in the said proceedings, the evidence at said new trial to be directed solely to the issues of fact therein involved."   And thereupon denied the new trial upon all other grounds.   This appeal is by plaintiff from the order, upon the ground that a new trial should have been granted as to the entire action.

Appellant insists that findings numbered 33, 35, and 36, are not supported by the evidence.   The facts covered by those findings relate solely to the rights and claims of defendant and respondent Bryan, and as he has not deemed the matter of sufficient importance to appear before this court, either by oral or written argument, and point out, in a somewhat voluminous record, where the evidence may be found which supports these findings of fact, we will assume there is no such evidence; and for that reason will order a new trial of the entire case as to respondent Bryan.· (*Kelly* v. *Bradbury,* 104 Cal. 237, and cases there cited.)

It is insisted that the findings do not support the judgment.   But respondents Scherer and Clark urge as a bar to the consideration of that question that the judgment cannot now be attacked, for the reason that it was set aside by the order granting the new trial as to certain portions of the case.   ·This contention cannot be sustained.   As to what effect an order granting a new trial by the trial court has upon the judgment, we refer to the very recent case of *Pierce* v. *Berkholm,* 110 Cal. 669, where the question was directly involved and carefully considered.   It was there concluded that an order made by the trial court granting a motion for a

new trial, until affirmed by this court, or until the time
to appeal therefrom had expired, did not set aside and
vacate the judgment as to an appeal; that during this
time the judgment had such life that an appeal could be
taken from it; and that in effect it was not dead but sleep-
ing. Inasmuch as we think the case must be sent back for
a new trial as to all the defendants, and in view of the fact
that the respondents who have appeared in this court
have not argued those matters upon their merits, rely-
ing solely upon the position that the order for a new
trial set aside the judgment, we will not enter into a
consideration of the points made by appellant, that
the cross-complaints do not state causes of action, and
that the judgment is not supported by the findings.
Before another trial is had we suggest that respondents
look well to the sufficiency of their cross-complaints
and amend them, if such course be deemed advisable.

In granting the new trial in this case the court had
in view the practice recognized and approved in *San
Diego Land Co.* v. *Neale,* 78 Cal. 63; *Duff* v. *Duff,* 101
Cal. 1, and *Fallbrook Irrigation Dist.* v. *Abila,* 106 Cal.
365; but, in granting a new trial as to certain particular
issues only, the trial court should with great certainty
recite the issues in terms upon which the new trial is
to be had. This should be done in order that both
counsel and the trial court, and this court upon appeal,
may know exactly the questions involved within the
scope of the order. The order in this case uses the
word "proceedings" where probably the word "find-
ings" was intended, and also the word "issue" where
"issues" was contemplated. If these are not clerical
errors, and we have no way of determining the fact,
then the order is so indefinite that it should be held to
be general in its terms; but, even conceding these
things to be purely clerical mistakes, still, as a rule
which should be invariably followed, an order grant-
ing a new trial *pro tanto* should not, as in this case,
grant the order as to the issues covered by certain
numbered findings of fact; for such an order leaves the

matter open as to what issues are really included within its scope, and often makes it difficult, if not impossible, for the trial court, or for this court, to say what issues the court had in mind when the order was made. As a striking illustration of the soundness of our position, we refer to finding of fact No. 29, found in this record. A new trial was ordered by the trial court as to the issue or issues involved therein, but upon examination of that finding we are entirely unable to ascertain the particular tract of land to which reference is there had. In the present case by our construction of the order it grants a new trial as to so many important questions raised by the pleadings that we deem it the better course that the whole case shall again be retried. We are especially firm in this conclusion when we take into consideration the defects appearing upon the face of the order, and the doubts which would probably arise in the minds of both court and counsel as to the exact issues which were required to be retried under the directions therein contained.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

VAN FLEET, J., and HARRISON J., concurred.