# TORRES ET AL., PLAINTIFFS AND APPELLEES, *v.* RAMOS, DEFENDANT AND APPELLANT. -

## APPEAL from the District Court of Mayagüez in an Action of Ejectment.

### No. 2128.—Decided June 7, 1920.

DISCRETION OF COURT—AMENDMENTS.—The power of the courts to allow amendments to pleadings is very broad and there would have to be shown a clear abuse of discretion or an evident prejudice to the other party before the Supreme Court would reverse a judgment because the district court exercised that power.

ID.—NEW TRIAL.—Where there is more than one issue of fact in a case and by reason of their nature the issues are distinguishable and susceptible of being separated, the trial court has power to grant a new trial on one of said issues and refuse it as to the others.

The facts are stated in the opinion.

*Mr. B. Forés* for the appellant.

*Mr. L. Montalvo* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

In the complaint it was alleged that the plaintiffs were the owners of a rural property of six acres of land planted with coffee, oranges and bananas and that the defendant, in bad faith and without right, took possession of approximately three-fourths of an acre of the property and refused to deliver the same to the plaintiffs. The property of six acres and the parcel of three-fourths of an acre are duly described in the complaint, in which it was further alleged that during the nine years of the defendant's unlawful possession of the land she had received its products to the amount of $475. Judgment was prayed for ordering the restitution of the property to the plaintiffs as the rightful owners and the payment to them of $475 as an indemnity.

The defendant answered with a general denial of the allegations of the complaint. The case was brought to trial and the court rendered judgment ordering the defendant to restore the land in suit to the plaintiffs as its owners and

to pay them $525 as the profits received by her during seven years.

The judgment was rendered on May 31, 1917, and it is not shown that an appeal was taken therefrom. The defendant moved for and was granted a new trial. The motion is not included in the transcript, nor is the evidence examined at the former trial regarding the ownership of the land. From the stenographic record included in the transcript it appears that at the opening of the new trial a discussion arose between the parties concerning a certain amendment to the complaint. It appears that the complaint had been amended so as to allege that the unlawful possession had continued for nine years and that the judge suggested that the amendment should be stricken out, leaving the allegation as first made, that is, that the unlawful possession had continued for seven years. The party objected and the transcript is far from explicit on this point. The complaint copied into the transcript alleges that the unlawful possession continued for nine years. The evidence examined later fixes the period at seven years.

Another discussion arose regarding the scope to be given to the new trial and it was settled by the court as follows:

"The court will now decide the question raised. It understands that the object of the new trial being only to determine the amount of the indemnity, the rights of the plaintiffs have been definitely decided in their favor and no evidence should be introduced except as to the indemnity. This same question was decided in the Federal Court a short time ago in the case of *Romero* v. *Peñagaricano et al.*— The defendant excepted."

The court thereupon proceeded to examine the evidence, María de la Paz Torres and Samuel Torres testifying for the plaintiffs. The defendant introduced no evidence.

After the new trial and on September 15, 1919, the court rendered judgment holding that the three-fourths of an acre of land referred to and described belongs exclusively to the

plaintiffs and ordering that the defendant restore the same
to the plaintiffs.  It also ordered that the defendant pay to
the plaintiffs the sum of $475 as the profits received by her
for a period of seven years, together with costs, expenses,
disbursements and attorney fees.

From that judgment the defendant took this appeal and
assigns two errors in her brief, namely, the allowance by
the court of the amendment to the complaint and its action
in restricting the new trial to a consideration of the question of profits.

We have already stated the facts regarding the amendment.  We repeat that the transcript is confused.  We have
tried to get at the truth of the matter and are unable to
find that the court committed any fundamental error.  In
any event the amendment did not prejudice the defendant.
The power of the courts to allow amendments to pleadings
is very broad and a clear abuse of discretion or an evident
prejudice to the adverse party would have to be shown before the Supreme Court would reverse a judgment because
the district court exercised that power.

We ratify the doctrine laid down by this court in the
case of *Palermo et al.* v. *Vila,* 14 P. R. R. 269, as follows:

"When an amendment is made to any pleading it should be rewritten entirely, embodying the amendment and becoming a substitute
for the original document."

But the fact that this apparently was not done in the
present case does not necessarily imply that the judgment
should be reversed.

The second error assigned refers, as we have said, to
the court's ruling that the new trial should embrace only
a certain issue.  We have pointed out that the motion for
a new trial was not included in the record and it will be
seen from what we have stated how the court construed
its own order granting it.  The power of the court to make

such limitation under the law and jurisprudence is unquestionable; therefore it did not commit the error assigned.

According to section 220 of the Code of Civil Procedure, a new trial is a re-examination of an issue of fact in the same court after a trial and decision by a court or referee. And, according to the Supreme Court of California—

"It is within the power of the trial court, where there is more than one issue of fact in a case and such issues are distinct and separable in their nature, to order a new trial of one issue and refuse it as to the others. *San Diego L. & T. Co.* v. *Neal,* 78 Cal. 64 (3 L. R. A. 83, 20 Pac. 372); *Duff* v. *Duff,* 101 Cal. 4 (35 Pac. 437); *Mountain etc. Co.* v. *Bryan,* 111 Cal. 38, (43 Pac. 410.) These cases declare also that when such new trial is granted, it opens for examination only the issue upon which it is ordered, that the determination of the other issues remain in the record and that they cannot be retried. The only remedy of the moving party as to those issues is to appeal from the part of the order denying the motion for a new trial as to them." *Estate of Everts,* 163 Cal. 452.

Having reached the foregoing conclusions, it is manifest that there can be no doubt that that part of the judgment holding that the ownership of the land in question is in the plaintiffs and directing that the same be returned to them should be affirmed. The question of damages alone remains to be considered.

It is very difficult to obtain exact proof of what the owner of a property in the unlawful possession of another has failed to realize in the way of profits. Certain statements made by the witnesses in their testimony in this case tend to show that the yield of coffee, oranges and bananas from the three-fourths of an acre of land in question amounted to as much as $75 a year, but one of the same witnesses estimated the general yield at $40 or $50 annually. We are of the opinion that in view of the kind of evidence examined, the uncertainty of crops, the fluctuation of prices and other circumstances, the lowest estimate should be taken as a basis.

In view of the foregoing we are of the opinion that the judgment appealed from should be affirmed, but modified in the sense that the profits which the plaintiffs failed to receive during the seven years they were unlawfully deprived of possession be fixed at $280.

*Modified and affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.