[Civ. No. 4185. First Appellate District, Division One.—June 30, 1922.]

## L. A. JACKSON, Appellant, v. E. J. DOLAN et al., Respondents.

[1] JURISDICTION — NEW TRIAL — APPEAL — AUTHORITY TO VACATE ORDER.—An appeal from an order granting a new trial has the effect of removing from the jurisdiction of the trial court the subject matter of the judgment or order appealed from, including all questions going to the validity or correctness of such judgment or order, and the trial court thereafter is without authority to vacate or set aside that order.

[2] ID.—INCORRECT MINUTES—DUTY TO CORRECT—APPEAL.—Where the minutes of the trial court do not accord with the facts, the trial court has the power, and it is its duty, on motion, to order that the minutes be corrected; and its authority to make such order is not affected by the fact that an appeal has removed the subject matter of the action from its jurisdiction.

[3] ID. — VOID JUDGMENT — EFFECT OF NUNC PRO TUNC ORDER. — An order nunc pro tunc can never give force to a judgment void for want of jurisdiction on the part of the judge making it.

[4] ID. — GRANTING NEW TRIAL NUNC PRO TUNC — JUDICIAL ACT — HOLIDAY.—An order directing the clerk to enter an order granting a new trial nunc pro tunc is a judicial act, and as such cannot be performed on a legal holiday.

APPEAL from an order of the Superior Court of Imperial County denying a motion to vacate an order granting a new trial and also a motion to correct the minutes of the court. Franklin J. Cole, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

C. L. Brown for Appellant.

Randall, Bartlett & White for Respondents.

TYLER, P. J.—This is an appeal from an order denying a motion to vacate an order granting a new trial, and also a motion to amend the minutes of the court. The action in

2. Amendment of orders and judgments by orders nunc pro tunc, notes, Ann. Cas. 1915D, 681, 692; Ann. Cas. 1915A, 522.

which these motions were made was one brought to recover damages for personal injuries received in an automobile accident. The case was tried before a jury and a verdict in the sum of four thousand dollars was rendered in favor of plaintiff and judgment was entered thereon on December 15, 1920. Thereafter, on the seventeenth day of December, 1920, defendants made a motion for a new trial and the motion was by the court taken under advisement. No action was had on such motion until January 3, 1921, when the minutes of the court show as of date of December 31, 1920, that the motion was granted as to defendant Ashe. The term of office of Honorable Phil D. Swing, the judge who tried the case and who made the order, expired on January 3, 1921. January 1st and 2d were both legal holidays, so that for all the judicial purposes of this case the term of office of the trial judge expired December 31, 1920, the day the order bore date. After the granting of the motion for new trial plaintiff perfected an appeal from such order. Subsequently, on the twenty-second day of April, 1921, he moved the trial court to vacate and set aside the order granting a new trial and to correct the minutes of the court so as to show that the order was made on Sunday, January 2, 1921, instead of Friday, December 31, 1920. This motion was denied, and this appeal is from the order denying such motion. The motion was based on affidavits. The affidavit of the clerk of the court who made the entry in the minutes was to the effect that the order was in fact made on Sunday, January 2, 1921, a legal holiday, and that no other order was ever made. This affidavit was not controverted. The affidavit of the attorney for plaintiff shows that at the time the appeal from the order granting a new trial was taken, and at the time the bill of exceptions was settled and allowed, he did not know that the order appearing in the minute-book was made on the day shown therein, and that he did not ascertain true knowledge of such fact until March 11, 1921, and that in taking his appeal he relied solely upon information derived from the record.

[1] So far as the motion is directed to the vacation of the order granting a new trial, respondent contends that the trial court, by reason of the appeal, lost jurisdiction to afford any relief in the matter, and that the motion to

vacate the order was properly denied. We are of the opinion that respondent is correct in this contention. Conceding that the trial court was without jurisdiction to make the order granting a new trial, the appeal had the effect of removing from its jurisdiction the subject matter of the judgment or order appealed from, including all questions going to the validity or correctness of such judgment or order. The case, in consequence of the appeal, was transferred to the supreme court. The trial court was therefore without authority to vacate or set aside the order granting a new trial. (*Stewart* v. *Taylor,* 68 Cal. 5 [8 Pac. 605]; *Ruggles* v. *Superior Court,* 103 Cal. 125 [37 Pac. 211]; *Peycke* v. *Keefe,* 114 Cal. 212 [46 Pac. 78]; *Merced Bank* v. *Price,* 152 Cal. 697 [93 Pac. 866]; *Parkside Realty Co.* v. *MacDonald,* 167 Cal. 342 [139 Pac. 805]; 2 Cal. Jur., sec. 179.)

So far, however, as the motion was directed to the correction of the court's minutes to accord with the facts, a different situation is presented.

[2] Assuming, as we must, for the affidavits of appellant are uncontroverted by the ex-judge or any other person, that the order was made as claimed, the trial court certainly had the power, and it was its duty, to have granted this motion. While the court by an appeal loses jurisdiction of the cause for the purposes of the appeal, it does not thereby lose jurisdiction of its records. These remain within its physical custody and control, and it has the right after an appeal is taken, as before, to correct mistakes appearing upon the face of the record. Courts have power at all times to allow amendments to judgments for the purpose of having the judgment as entered express that which was rendered so that the record will speak the truth. (*Fay* v. *Stubenrauch,* 141 Cal. 573 [75 Pac. 174]; *Kaufman* v. *Shain,* 111 Cal. 16 [52 Am. St. Rep. 139, 43 Pac. 393]; 2 Cal. Jur., sec. 182.) The taking of an appeal does not impair this right. (*Buckman* v. *Whitney,* 24 Cal. 267.)

The claim of respondent that the entry of the order by the clerk was a purely ministerial act and could therefore be made upon a nonjudicial day is without force. The claim here made is that no order was ever made except the one in question. Had a previous order been regularly made

there might be some merit in the contention. There must be some record of the making of such an order. Here there is none. [3] An order *nunc pro tunc* can never give force to a judgment void for want of jurisdiction on the part of the judge making it. [4] Here the order itself directing the clerk to enter the decision *nunc pro tunc* was a judicial act, and as such could not be performed on a legal holiday. The question of the power of courts to enter orders *nunc pro tunc* is therefore not here involved.

From what has been said it follows that the order refusing to vacate and set aside the order granting defendant Ashe a new trial is hereby affirmed, and that portion of the order denying the motion for the correction of the court's minutes to accord with the facts is hereby reversed, with directions to the trial court to determine the true facts and enter an order accordingly.

Knight, J., *pro tem.*, and Kerrigan, J., concurred.