[Civ. No. 5130.  First Appellate District, Division One.—March 27,
1925.]

## L. A. JACKSON, Respondent, v. E. J. DOLAN et al., Defendants; GREGORY ASHE, Appellant.

[1] NEW TRIAL—DATE OF ORDER—CORRECTION OF MINUTES—APPEAL.
Where, pursuant to the direction of the appellate court, the supe-
rior court proceeds to determine the truth as to the time when
an order granting a new trial was made, and it finds upon
uncontroverted testimony that the order was given, ordered, and

made by the court on a certain date, and not on the date recited in the order, and the minutes are corrected accordingly so as to state the true facts, an appeal from such order correcting the minutes is without merit.

(1) 15 C. J., p. 975, n. 10.

APPEAL from an order of the Superior Court of Imperial County correcting the minutes of such court. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Randall, Bartlett & White, Vincent C. Hickson and A. P. G. Steffes for Appellant.

Harry W. Horton, Jr., for Respondent.

TYLER, P. J.—This is an appeal from an order of the trial court, made in conformity to the direction of this court in *Jackson* v. *Dolan*, 58 Cal. App. 372 [208 Pac. 315], correcting the minutes of the trial court so as to show the true date of an order granting a new trial to defendant and appellant Ashe.

The action in which the new trial was granted was one instituted by plaintiff Jackson to recover damages for personal injuries sustained by him which were alleged to have been caused through the negligent operation of an automobile. The case was tried by a jury, and a verdict in the sum of four thousand dollars was rendered in favor of plaintiff, and judgment was entered thereon on December 15, 1920. Thereafter, on the seventeenth day of December, defendants made a motion for a new trial, and the motion was taken under advisement by the court. This motion was grounded upon excessive damages claimed to have been given under the influence of passion and prejudice; insufficiency of the evidence; that the verdict was against law, and errors of law occurring at the trial. No action was had thereon until December 31, 1920, when the minutes of the court show that the motion was granted as to defendant Ashe.

After perfecting his appeal from this order, and on the twenty-second day of April, 1921, the plaintiff moved the trial court to vacate and set aside its order granting a new trial and to correct the minutes of the court so as to show

that the order was made on Sunday, January 2, 1921, and
not Friday, December 31, 1920. Both motions were denied,
and the validity of this order was before us on a former
appeal. (*Jackson* v. *Dolan,* 58 Cal. App. 372 [208 Pac.
315].)

[1] It appeared in that appeal that the term of office
of Honorable Phil. D. Swing, the judge who tried the case
and who made the order, expired on January 3, 1921.
January 1st and 2d were both legal holidays, so that for all
judicial purposes the term of office of the trial judge ex-
pired on December 31, 1920, the day the order bore date.
The motion to vacate the order granting a new trial and
to correct the minutes of the court was made on affidavits.
The affidavit of the clerk of the court who made the entry
in the minutes was to the effect that the order was in fact
made on Sunday, January 2, 1921, a legal holiday, and that
no other order was ever made. This affidavit was not con-
troverted. It was held on said appeal that so far as the
motion was directed to the vacation of the order granting
a new trial it was properly denied, for the reason that the
court had lost jurisdiction to afford any relief, as the effect
of the appeal from its order was to remove from its juris-
diction the subject matter appealed from, including all ques-
tions going to the validity or correctness of such judgment
or order. It was further held, however, that as to the motion
to correct the minutes of the court, the same was improperly
denied, for the reason that the records of a court remain
within its physical custody and control, and an appeal does
not prevent the court from correcting mistakes appearing
on the face of the record as courts have at all times power
to allow amendments to judgments for the purpose of hav-
ing them express what was rendered so that the record will
speak the truth. It was therefore ordered that the trial
court determine the true facts with relation to the entry
of the order and take action accordingly.

In conformity with this direction, the trial court proceeded
to determine the truth as to the time when the order granting
the new trial was made. It found upon uncontroverted tes-
timony that the order vacating the judgment as to Gregory
Ashe and granting him a new trial was given, ordered, and
made by the court on Sunday, January 2, 1921, and not on
December 31, 1920, as recited, and the minutes were accord-
ingly corrected so as to state the true facts.

This is an appeal from such order.  From what we have said it is manifest that there is no merit in the appeal.

The order is affirmed.

Knight, J., and Cashin, J., concurred.