[L. A. No. 9060. In Bank.—November 21, 1927.]

L. A. JACKSON, Respondent, v. E. J. DOLAN et al., Defendants; GREGORY ASHE, Appellant.

[1] APPEAL — MOTION FOR NEW TRIAL — VOID ORDER — TIME FOR APPEAL.—An order purporting to grant a motion for a new trial, made by a judge whose term had expired before the order was made, being a nullity, the motion was denied by operation of law at the expiration of two months from the rendition of the verdict, and the time for an appeal from the judgment began then, expiring thirty days thereafter, under section 939 of the Code of Civil Procedure; and the time was not extended to the date of going down of the *remittitur* on an appeal reversing the order purporting to grant the new trial.

[2] ID. — GRANTING NEW TRIAL—EFFECT ON JUDGMENT.—An order of the trial court granting a new trial, until affirmed on appeal or until the time to appeal therefrom has expired, does not have the effect of vacating the judgment so as to prevent an appeal from being taken therefrom.

[3] ID. — MOTION FOR NEW TRIAL — TERMINATION OF PROCEEDINGS— APPEAL FROM JUDGMENT — TIME. — Words in section 939 of the Code of Civil Procedure, "other termination in the trial court," were intended by the legislature to refer to the termination in the trial court of the proceedings on motion for a new trial by operation of law, as the same had been provided for in a prior enactment at the same session of the legislature amending section 660 of the Code of Civil Procedure, and there is no indication in the statute of an intention to enlarge the time for appeal from a judgment.

(1) 3 C. J., p. 1054, n. 15.

MOTION to dismiss an appeal from the judgment of the Superior Court of Imperial County. Phil D. Swing, Judge. Motion granted.

The facts are stated in the opinion of the court.

Randall, Bartlett & White, Vincent C. Hickson and A. P. G. Steffes for Appellants.

1. See 2 Cal. Jur. 408, 409.
2. See 2 Cal. Jur. 147, 148.

Harry W. Horton and M. W. Conkling for Respondent.

SHENK, J.—This is a motion to dismiss an appeal from a judgment in favor of the plaintiff rendered by the superior court in and for the county of Imperial. The action is one to recover damages for personal injuries sustained by the plaintiff, which were alleged to have been caused through the negligent operation of an automobile. The cause was tried by a jury and a verdict in the sum of $4,000 was returned in favor of the plaintiff. Judgment was entered on the verdict on December 15, 1920. On December 17, 1920, the defendants moved for a new trial. The minutes of the court as originally recorded showed that the motion was granted as to the defendant Ashe and denied as to the defendant Dolan on Friday, December 31, 1920. Within due time the plaintiff served and filed his notice of appeal from the order granting the motion for a new trial to the defendant Ashe. On March 23, 1921, and pending the determination of his appeal from the order granting the new trial, the plaintiff filed in the trial court a notice of motion to direct the clerk of said court to correct its minutes so as to show that the order purporting to grant a new trial to the defendant Ashe had in fact been made and entered on Sunday, January 2, 1921, and not on the preceding Friday as the minutes of the court then indicated. The significance of the motion to have the minutes corrected lies in the fact that the term of office of the superior judge who made the order granting the new trial had expired on December 31, 1920, the day the order bore date. After hearing, the trial court made an order denying the plaintiff's motion to correct the minutes. Upon an appeal therefrom the district court of appeal reversed said order with directions to the trial court to ascertain the true date of the order granting the new trial and to correct its minutes accordingly. (*Jackson* v. *Dolan,* 58 Cal. App. 372 [208 Pac. 315].) Thereafter the plaintiff renewed in the trial court his motion to correct the minutes, whereupon, on May 16, 1924, the court made its order correcting its minutes. As corrected the minutes show that the order granting the new trial was made and entered on Sunday, January 2, 1921, which was two days after the expiration of the term of

office of the judge purporting to make the same. The defendant Ashe appealed from the order of the trial court correcting its minutes and this appeal terminated in an affirmance of the order. (*Jackson* v. *Dolan*, 72 Cal. App. 48 [236 Pac. 318].) On the same day, to wit, March 27, 1925, the district court of appeal filed its decision reversing the order of the trial court granting the defendant Ashe a new trial. (*Jackson* v. *Dolan*, 72 Cal. App. 51 [236 Pac. 319].) On May 21, 1925, and within thirty days after the decision reversing the order granting to him a new trial had become final, the defendant Ashe filed his notice of appeal from the judgment entered in favor of the plaintiff on December 15, 1920. The appeal last mentioned is the one now sought to be dismissed. The ground of the motion is that the appeal was not taken within the time prescribed by law in which an appeal may be taken from a judgment.

[1] The respondent contends that as the district court of appeal has declared that the order purporting to grant the new trial was a nullity and that the motion for a new trial was denied by operation of law at the expiration of two months after the rendition of the verdict (sec. 660, Code Civ. Proc.; *Jackson* v. *Dolan*, 72 Cal. App. 51 [236 Pac. 319]), the time within which an appeal could have been taken from the judgment began to run from such denial and expired thirty days thereafter under section 939 of the Code of Civil Procedure. The appellant contends that as his motion for a new trial had been granted, the time for taking an appeal from the judgment was suspended until the order granting a new trial was reversed and the *remittitur* had gone down, at which time, and not until then, he contends, the time for taking an appeal from the judgment began to run. He bases his contention on the provisions of section 939 of the Code of Civil Procedure as amended in 1915. The portion of the section inserted by the amendment is as follows: "If proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until 30 days after entry in the trial court of the order determining such motion for a new trial or other termination in the trial court of the proceedings upon such motion." It is insisted that the going down of the *remittitur* to the trial court reversing the order granting the new trial was *other termination in the trial*

*court* of the proceedings on said motion as contemplated by the amended code section.

We think that the position of the respondent must be sustained. When the trial court enters an order denying a new trial the time for an appeal from the judgment immediately begins to run. This is the established practice and of course is not disputed. Prior to the amendment of 1915, in cases where the court entered an order granting a new trial, the time for appeal from the judgment likewise immediately began to run. True, there is confusion in the earlier authorities on this point. For example, in the case of *Kower* v. *Gluck,* 33 Cal. 401, a case relied on by appellant, it was said that an order granting a new trial had the effect to vacate the judgment from which the defendants appealed "and hence their appeal is inconsequential and must be dismissed." In that case the order granting a new trial was affirmed and under such circumstances the appeal from the judgment was necessarily inconsequential. But that case was cited with apparent approval in *Knowles* v. *Thompson,* 133 Cal. 245 [65 Pac. 468], as authority to the effect that an order granting a new trial has the effect of vacating the judgment "and the party may not thereafter proceed on said judgment by appeal therefrom or otherwise." In the last case cited, *Bronner* v. *Wetzler,* 55 Cal. 419, was approvingly cited to the effect that an order granting a new trial vacated the judgment and the judgment no longer existed for the purpose of appeal. In the Knowles case it doubtless escaped the attention of the court that in *Pierce* v. *Birkholm,* 110 Cal. 669 [43 Pac. 205], this court held that the statement in *Kower* v. *Gluck* was not authoritative because unnecessary to the determination of the question involved in the appeal. The same may be appropriately said of the Knowles case and the Bronner case. In the case of *Puckhaber* v. *Henry,* 147 Cal. 424 [81 Pac. 1105], this court discussed a situation almost identical with the one involved herein. It was there held that an appeal from a judgment taken within the statutory time would be dismissed unless the appeal so taken was perfected within the time limited by the rules of court. In that case the trial court had granted a new trial. The adverse party had appealed from the order granting the same and such appeal was then pending. In her opposition

to the motion to dismiss her appeal from the judgment, the appellant contended that she should be protected so that in the event the order granting a new trial be reversed she might then proceed with her appeal from the judgment. This court said: "If an appellant from such a judgment is not satisfied to rest upon the subsequent order which he obtains granting him a new trial, it remains his duty to prosecute his appeal from it with diligence. If, upon the other hand, he is satisfied with the security afforded him by the order granting him a new trial, he must submit with complaisance to a dismissal of his appeal from the judgment. It would subject the adverse party to an unjust and unwarranted delay if, as here, after prevailing upon his appeal from the order granting him a new trial, he was still to be confronted with a postponed appeal from the judgment which had been left slumbering to abide the termination of the appeal from the order." [2] In *Mountain Tunnel G. M. Co.* v. *Bryan,* 111 Cal. 36 [43 Pac. 410], it was held that an order of the trial court granting a new trial, until affirmed on appeal or until the time to appeal therefrom has expired, does not have the effect of vacating the judgment so as to prevent an appeal from being taken therefrom. Certain rights under the judgment are suspended, but it is still a potential judgment sufficient to support an appeal taken from it. (*Puckhaber* v. *Henry, supra.*) Upon a reversal of an order granting a new trial, the law does not provide for the entry of a new judgment in the trial court on the going down of the *remittitur,* but the judgment as originally entered in that court stands as the judgment in the action and has effect from the date of its original entry. (*Pierce* v. *Birkholm, supra;* 2 Cal. Jur. 148.)

[3] In determining the effect of the amendment of section 939 of the Code of Civil Procedure in 1915, a reference to the statutes of that year discloses that by an amendment to section 660 of the same code it was provided that the power of the court to pass on a motion for a new trial should expire within three months after the verdict of a jury without further order of the court. (Stats. 1915, p. 202.) By amendment in 1923 the time was changed from three months to two months. (Stats. 1923, p. 234.) In 1915 the legislature amended said section 939 by enact-

ment subsequent to the enactment amending said section 660 (Stats. 1915, p. 205), and inserted the language especially relied on by appellant. It would seem to be clear that the words "other termination in the trial court" were intended by the legislature to refer to the termination in the trial court of the proceedings on motion for a new trial by operation of law, as the same had been provided for in the prior enactment at the same session amending said section 660. There is no indication in the statute of an intention to enlarge the time for an appeal from the judgment. If it were intended to postpone the time for such an appeal until the final determination of the new trial proceedings on appeal, it would have been an easy matter for the legislature to have so indicated. On the contrary, it was provided that the termination of such proceedings *in the trial court* should set the time for an appeal from the judgment in motion. We conclude that the going down of the *remittitur* was not such termination of the new trial proceedings *in the trial court* as was contemplated by the amended section. Furthermore, such a prolonged extension of time for taking an appeal from the judgment as is now claimed by appellant, would seem to be entirely out of harmony with the manifest purpose of the legislative branch to expedite and hasten the disposition of causes on appeal.

It is earnestly insisted by appellant that to dismiss his appeal under the circumstances here shown would be tantamount to a denial of the right to appeal. But such is not the case. He had his right of appeal from the judgment within the statutory time, and not having availed himself of that right he must be deemed to have assumed the consequences of his failure to act. The motion is granted and the appeal is dismissed.

Richards, J., Langdon, J., Seawell, J., Curtis, J., Preston, J., and Waste, C. J., concurred.