[Civ. No. 9360. First Appellate District, Division One.—March 21, 1934.]

PAUL KOCHER, Appellant, v. FIDELITY AND DE-POSIT COMPANY OF MARYLAND et al., Respondents.

J. G. Stamp for Appellant.

Thomas E. Davis and Garth V. Lacey for Respondents.

KNIGHT, J.—Respondents move to dismiss this appeal upon the ground that the notice of appeal was not filed within the time required by law. No brief has been presented in opposition to the motion, and the matter was submitted without oral argument. We are of the opinion that the motion must be granted.

Section 939 of the Code of Civil Procedure provides that an appeal may be taken from a judgment within sixty days from the entry thereof; but "if proceedings for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, *or other termination in the trial court of the proceedings upon such motion"*. And the third paragraph of section 660 of the same code as amended in 1929 declares: "The power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then sixty (60) days after filing of the notice of intention to move for a new trial. *If such motion is not determined within said sixty (60) days, the effect shall be a denial of the motion without further order of the court."* (All italics ours.)

■ Furthermore, it is well settled that service of notice of entry of judgment is not necessary to start the time running within which an appeal may be taken. (*Lawson* v. *Guild*, 215 Cal. 378 [10 Pac. (2d) 459]; *Fruit Supply Co.* v. *Title G. & T. Co.*, 127 Cal. App. 91 [15 Pac. (2d) 194].)

■ In the present case, judgment in favor of respondents was entered on June 20, 1933. Notice of entry thereof was not given; but on the following day, June 21, 1933, appellant served and filed his notice of intention to move for a new trial. Accordingly the sixty-day limitation within which the trial court had power to pass on said motion expired on August 20, 1933. No proceedings were had within said period of time; consequently on August 20, 1933, said motion was denied by operation of law, without further order of court (sec. 660, Code Civ. Proc.), and in order to appeal it was necessary for appellant within thirty days thereafter to file notice of appeal. This he failed to do. After filing his notice of intention to move for a new trial on June 21, 1933, he took no further steps in the matter until September 25, 1933, on which date he presented his motion for a new trial; and the trial court held, in conformity with the well-established rule, that it was without jurisdiction in the matter; that the motion had been denied by operation of law, without further order of court, on the sixtieth day after filing the notice of intention to move for a new trial (*Payne* v. *Hunt*, 214 Cal. 605 [7 Pac. (2d) 302]; *Holquin* v. *Allison*, 97 Cal. App. 126 [274 Pac. 1037]; *Shepherd* v. *Superior Court*, 54 Cal. App. 673 [202 Pac. 466]), and upon those grounds the trial court refused to hear the motion. Thereafter and on October 21, 1933, appellant filed his notice of appeal.

■ It is apparent, therefore, that said notice was not filed as required by said code section 939 within thirty days after the statutory denial of the motion for a new trial, and for that reason it was ineffectual for the purpose intended. (*Iske* v. *Stockwell-Kling Corp.*, 128 Cal. App. 192 [17 Pac. (2d) 203].) As said in *Lawson* v. *Guild, supra*, the statute limiting the time within which an appeal may be taken is jurisdictional and mandatory; and if the appeal is not taken within the time allowed therefor, the appellate court is without power to entertain it.

The appeal herein is therefore dismissed.

Tyler, P. J., and Cashin, J., concurred.