[Civ. No. 13389.   Second Dist., Div. One.   Jan. 9, 1942.]

ALONZO BURDGE, Respondent, v. LEROY C. GOULD et al., Defendants; NELL SULLIVAN et al., Appellants.

No appearance for Appellants.

A. W. Brunton for Respondent.

YORK, P. J.—On November 24, 1941, pursuant to notice theretofore served upon counsel for appellants, counsel for respondent moved this court to dismiss the appeals of Nell Sullivan and Colima Oil Company upon the ground that they were not taken within the time provided by statute. Appellants have filed no written opposition to the motion.

The certificate of the county clerk of Ventura County accompanying the notice of motion reveals that the above entitled action was brought to quiet title to certain leased real property, for possession thereof and costs of suit; that on July 7, 1941, judgment was entered in favor of respondent against all of the defendants, and service of notice of such entry was made on July 8, 1941. Within ten days thereafter, on July 16th, appellant Colima Oil Company made its motion for a new trial. (Sec. 659, Code Civ. Proc.)

Section 939 of the Code of Civil Procedure provides that an appeal may be taken from a judgment within sixty days from the entry thereof, but ''if proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for new trial, *or other termination in the trial court of the proceedings upon such motion.*''

The last paragraph of section 660, Code of Civil Procedure, declares that the ''power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment . . . *If such motion is not determined within said period of sixty (60) days . . . the effect shall be a denial of the motion without further order of the court.*'' (All emphasis added.)

Accordingly, the court had sixty days from and after July 8, 1941, within which to pass upon said motion for a new trial, or until September 6, 1941. The fact that the court subsequent to that date, to-wit: on September 8th, filed a written order denying said motion was ''surplusage and harmless'' (*Schomer* v. *R. L. Craig Co.,* 137 Cal. App. 620, 625 [31 Pac. (2d) 396]), because the motion was denied by operation of law on September 6th (sec. 660, Code Civ. Proc.), and it became necessary for appellant Colima Oil Company to file its

notice of appeal within thirty days after September 6th, or on October 6, 1941. Therefore, the notice of appeal filed by appellant Colima Oil Company on October 7th was too late. "The statute limiting the time within which an appeal may be taken is jurisdictional and mandatory; and if the appeal is not taken within the time allowed therefor, the appellate court is without power to entertain it." (*Kocher* v. *Fidelity & Deposit Co.,* 137 Cal. App. 474, 476 [30 Pac. (2d) 535].)

As to appellant Nell Sullivan, her notice of intention to move for a new trial was not filed until July 22nd, and on August 18th, the court dismissed such motion on the ground that it was not filed within the statutory period required by section 659, *supra.* As a result, Nell Sullivan was required to file her notice of appeal within thirty days after August 18, 1941, the date of the *"termination in the trial court of the proceedings upon such motion"* for new trial (sec. 939, *supra*), or on September 17, 1941. As a matter of fact, a notice of appeal signed by the attorneys for Nell Sullivan was filed on October 7, 1941, reciting that "defendant Colima Oil Company, a corporation, appeals . . . from the judgment therein entered on the 7th day of July, 1941." Even though the erroneous statements therein contained be overlooked, the notice was too late to confer jurisdiction upon this court.

For the reasons stated, the motion to dismiss the appeals of Colima Oil Company and Nell Sullivan is granted.

Doran, J., and White, J., concurred.