[Civ. No. 7046.   Third Dist.   Mar. 31, 1944.]

CALIFORNIA ADJUSTMENT SERVICE, Plaintiff and Appellant, v. FRANK SIMPSON et al., Respondents; BENJAMIN C. CAPLAN et al., Cross-Defendants and Appellants.

Fred J. Harris and Busick & Busick for Appellants.

Allen L. Martin and Leon French for Respondents.

THE COURT.—This is a motion made by appellees to dismiss the appeal of appellants on the ground "that the said attempted appeal was not taken, and that the Notice of Appeal was not filed in the manner or within the time allowed by law therefor, in that said Notice of Appeal was not given or filed within sixty (60) days from the date of entry of the judgment or order of the Superior Court, nor within ninety (90) days from and after the filing of Notice of Intention to Move for a New Trial, nor within thirty (30) days from and after the denial of motion for new trial by operation of law." Judgment in said action was entered December 10, 1942. A notice of intention to move for a new trial was served and filed December 29, 1942, and hearing thereon was had January 16, 1943. Not until August 4, 1943, was a decision denying said motion filed by the trial court. Notice of appeal was filed August 13, 1943. On January 3, 1944, this motion to dismiss was filed.

Section 660 of the Code of Civil Procedure provides that: ". . . the power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then sixty (60) days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of sixty (60) days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court."

Section 939 of that code also provides that:

"If proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order deter-

mining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion.''

It is contended by movants that in this case the motion for a new trial was denied by operation of law on March 1, 1943, and that the appeal comes too late. This contention must be upheld. In *Burdge* v. *Gould,* 49 Cal.App.2d 65 [120 P.2d 903], a similar situation was presented. There judgment was entered July 7, 1941, and service of notice of such entry was made on July 8th. Within ten days a motion for a new trial was made, but same was not acted upon by the court until September 8th when a written order denying same was filed. The court said that the trial court had sixty days from and after July 8th to pass upon the motion for a new trial, to wit, to September 6th; that such motion was denied by operation of law on September 6th, and as appellant's notice of appeal was not filed within thirty days after September 6th, it was filed too late. The court quoted from *Kocher* v. *Fidelity & Deposit Co.,* 137 Cal.App. 474, 476 [30 P.2d 535], to the effect that ''The statute limiting the time within which an appeal may be taken is jurisdictional and mandatory; and if the appeal is not taken within the time allowed therefor, the appellate court is without power to entertain it.'' (Also see *Estate of Hanley,* 23 Cal.2d 120 [142 P.2d 423].)

Appellants contend that if the time within which the trial court may determine a motion for a new trial expires without the court's making such determination, ''a denial of the motion without further order of the court'' does not become effective to start the running of the time within which an appeal must be taken until an entry is made in the trial court, that is, that though the statute says that if the motion is not determined within the time provided the effect shall be a denial of the motion without further order of the court, there must be some entry made in the trial court to constitute the ''other termination in the trial court of the proceedings upon such motion,'' before the time to appeal begins to run. We are unable to agree with this contention. Had the Legislature intended that such an entry must be made, it would doubtless have so provided, and also would have provided by whom such an entry should be made—whether by the court, or by the judge thereof or by the clerk. It is our opinion that under section 660 of the Code of Civil Procedure, a trial court may deny a motion for a new trial either by making an order to that effect or by failing to act upon the

motion within the prescribed time; and that when it does not act within such prescribed time any order which it might make, either denying or granting a new trial, would be ineffective. See *Jackson* v. *Dolan,* 202 Cal. 468 [261 P. 706], particularly page 473 thereof, and *Jackson* v. *Dolan,* 72 Cal. App. 51 [236 P. 319].

The appeal is dismissed.